UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN FEGADEL,

      Plaintiff,

v.                                              Case No. 8:15-cv-2228-T-17JSS

OCWEN LOAN SERVICING, LLC,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This cause came before the Court pursuant to a *Motion to Dismiss Plaintiff's Class Action Complaint* ("**Motion to Dismiss**") filed by Defendant Ocwen Loan Servicing, LLC (the "**Defendant**") (Doc. 16) and a *Response to Defendant's Motion to Dismiss* (the "**Response**") filed by Plaintiff Lynn Fegadel (the "**Plaintiff**") on her own behalf and on behalf of others similarly situated as a class action suit. For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

I.    Introduction

The issues raised by the Motion to Dismiss and the Complaint are whether the Plaintiff has wrongfully asserted jurisdiction in this Court, whether the Plaintiff's claims fail as a matter of law for both wrongfully alleging that communications by Defendant were sent for the purposes of collecting a debt and in violation of the Florida Consumer Collections Practices Act ("**FCCPA**") and for alleging that Plaintiff's debt is classified as a consumer debt under the requirements of the FCCPA, and finally, whether Plaintiff's

violation of discharge injunction claim fails as a matter of law. Upon review, the Court answers all questions in the negative for the following reasons.

First, binding precedent allows for this Court to have jurisdiction in this type of case. Second, the communications are alleged by the Plaintiff to have been for the purpose of collecting a debt through terms of payment and deadlines; thus we must take the Plaintiff's allegations as true during this pleading stage. Also, the Plaintiff alleges she identified on her bankruptcy petition that she intended to surrender her property in Dunedin, Florida as part of her bankruptcy and moved out of the house. A household is considered a consumer debt under the FCCPA. Lastly, the Plaintiff is seeking sanctions and damages for the Defendant's violation of the discharge injunction, not a successive injunction or an enforcement of the injunction. Therefore, dismissing this case would deny the Plaintiff a fair opportunity to have her case heard and consequently, unjustly prejudice the Plaintiff. For those reasons, the Motion must be denied.

## II. BACKGROUND

On or about February 11, 2015, Plaintiff filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") and identified that Plaintiff intended to surrender the property as part of her bankruptcy discharge. Previously, Defendant had serviced a first mortgage lien securing a promissory note (the "**Debt**") on the real property owned by Plaintiff, which is now surrendered in Dunedin, Florida. Plaintiff moved out of the house during the course of her bankruptcy. The Debt was discharged on May 20, 2015, in the Plaintiff's bankruptcy case. Plaintiff alleges that Defendant received notice of the Plaintiff's bankruptcy filing

as well as the discharge by the Bankruptcy Court on or about May 22, 2015, but proceeded in attempting to collect the Debt from Plaintiff, thus, ignoring the discharge and allegedly violating the FCCPA.

Defendant continued to send Plaintiff written communications that Plaintiff alleges were for the purposes to collect the Debt. The Billing Statements indicate the Plaintiff is "Past Due," has a "Total Amount Due," and includes a small disclaimer near the bottom of the statement. Additionally, on or about September 11, 2015, Plaintiff alleges Defendant sent a Request for Mortgage Assistance / Hardship Affidavit to encourage Plaintiff to request a loan modification on the discharged debt.

On September 24, 2015, Plaintiff filed the instant action against Defendant for an alleged violation of Fla. Stat. § 559.55 of the FCCPA for allegedly communicating with Plaintiff to collect a debt after the debt was discharged. Plaintiff seeks actual damages, statutory damages, and reasonable attorney's fees and costs for the aforementioned violation. Further, Plaintiff seeks sanctions for the discharge injunction violations by Defendant.

### III. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must accept all of the alleged facts as true and resolve them in a light most favorable to the non-moving party. Fed. R. Civ. P. 12. *Timpson v. Sampson*, 518 F. 3d 870, 872 (11th Cir. 2008). To survive a motion to dismiss, a plaintiff's complaint requires more than bare legal conclusions. Legal conclusions, as opposed to well-pled factual allegations, "are not entitled to the assumption of the truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that the allegations be more than merely conceivable. *Id.* A plaintiff's complaint should be dismissed if the plaintiff has not "nudged their claims across the line from conceivable to plausible." *Id.* at 555.

## IV.  Legal Analysis

Jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000 and is between citizens of different states (Doc. 1). Plaintiff resides in Pinellas County, Florida, whereas Defendant is a Delaware corporation that does business in Florida. Jurisdiction is also proper under federal question jurisdiction for the following reasons.

According to 28 U.S.C. § 1331 (2016), district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." Additionally, the district courts have original jurisdiction over all cases under Title 11, as stated by 28 U.S.C. § 1334 (2016). "The explicit § 1334 grant of original jurisdiction over Title 11 cases clearly forecloses a conclusion that the district court lack[s] subject matter jurisdiction over this case." *Justice Cometh, Ltd. V. Lambert*, 426 F.3d 1342 (11th Cir. 2005). On this point, the Middle District of Florida recently ruled that a class action claim involving violations of FCCPA and discharge injunctions could be litigated as a class action in either district or bankruptcy court. *Lapointe v. Bank of Am., N.A.*, No. 8:15-cv-1402-T-26EAJ, 2015 U.S. Dist. LEXIS 175868 (M.D. Fla. Aug. 26, 2015).

Here, Defendant argues this Court lacks jurisdiction over Plaintiff's claims because both claims are premised upon the bankruptcy court's discharge order, and

4

Defendant argues this case should instead proceed before the bankruptcy court (Doc. 16). The Court disagrees for the following reasons.

Based on the authorities cited above, the case may proceed here in District Court. This case was filed under Chapter 7 of Title 11 of the United States Code. Because precedent allows for Title 11 cases to be litigated in federal district court, as well as class action claims for violations of FCCPA and discharge injunctions to be litigated in either bankruptcy or district court, jurisdiction is proper here in the Middle District and the Motion to Dismiss must be denied.

Second, Fla. Stat. § 559.72 prohibits a person from communicating with the debtor to harass them, attempt to enforce a debt when such person knows the debt is not legitimate, and communicate with the debtor if the person knows the debtor is represented by an attorney. The Eleventh Circuit held that "a communication that makes an implicit demand for payment by stating the amount of the debt, describing how the debt could be paid, and informing the debtor how the debtor can tender payment is an attempt to collect a debt." *Pinson v. Albertelli Law Partners LLC*, 618 Fed. App'x 551, 554 (11th Cir. 2015). In the present case, the Defendant alleges Plaintiff's FCCPA claim fails as a matter of law because the alleged communications were informational rather than attempts to collect a debt (Doc. 16).

Taking the Plaintiff's allegations in the complaint as true, the billing statements sent by Defendant to Plaintiff indicated that the Plaintiff was "Past Due" in her payment, that the Plaintiff has a "Total Amount Due" of hundreds of thousands of dollars, and the billing statements contained a payment coupon to be sent to the Defendant with payment (Doc.1). The court in *Parker v. Midland Credit Management, Inc.*, 874 F.Supp,

5

2d 1353 (M.D. Fla. 2012) found that although the balance of the debt was stated, the letter in that case did not include terms of payment or deadlines; therefore, the court did not find that the alleged communication was to collect a debt. In contrast to *Parker*, the Plaintiff here alleges that there was a deadline, which was "Due Now" (Doc. 1). This Court must resolve the alleged facts in a light most favorable to the non-moving party. Therefore, the Court finds that the Motion to Dismiss must be denied because the communications were alleged to be for the purposes of collecting a debt from the Plaintiff rather than for informational purposes.

The FCCPA defines "consumer debt" to include obligations incurred "primarily for personal, family, or household purposes . . . ." Fla. Stat. 559.55(1). The Defendant argues that the Plaintiff's Complaint is devoid of any allegations that the mortgage debt qualifies as "consumer debt" under the FCCPA and therefore fails to meet the basic minimum pleading requirements for a proper FCCPA claim (Doc. 16). This Court disagrees. Accepting the Plaintiff's facts as true, the Complaint alleges that the Plaintiff intended to surrender the specified property as part of her bankruptcy. "Fegadel actually moved out of the house during the course of her bankruptcy" (Doc. 1 at ¶ 36). Here, the Plaintiff is alleging that this property is for a personal household use, which directly corresponds with the FCCPA's pleading standard. Thus, the Motion must be denied because the Plaintiff does not fail to meets the FCCPA's pleading requirements.

Finally, a party seeking to enforce an injunction cannot obtain a successive injunction ordering compliance with an existing injunction. *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958 (11th Cir. 2012). Defendant argues the Complaint is an attempt to enforce the bankruptcy court's discharge injunction. However, the Plaintiff in this case

is not seeking to enforce an injunction. As stated in the Complaint, the Plaintiff is seeking damages arising from the Defendant's alleged violations of the various sections of the FCCPA (Doc. 1). Thus, the Defendant's argument is moot and the Motion to Dismiss must be denied.

### V.   Conclusion

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 16) is **DENIED**. The Defendants have **ten days** from this date to answer the complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 22nd day of June, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Parties and Counsel of Record.