UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 8:15-CV-02228-EAK-JSS

LYNN FEGADEL,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT</u>**

Defendant, OCWEN LOAN SERVICING, LLC, ("Defendant" or "Ocwen") hereby files its Answer and Affirmative to Plaintiff Lynn Fegadel's Class Action Complaint (DE 1.) as follows:

**PRELIMINARY STATEMENT**

1.    Paragraph 1 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen states that the referenced bankruptcy documents speak for themselves and denies Plaintiff's allegations to the extent they are inconsistent with the referenced document.

2.    Paragraph 2 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen states that the referenced documents speak for themselves and denies Plaintiff's allegations to the extent they are inconsistent with the referenced documents.

3.    Paragraph 3 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies the allegations of paragraph 3.

4.    Paragraph 4 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies the allegations of paragraph 4.

## JURISDICTION AND VENUE

5. The allegations of Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Ocwen denies the allegations of this paragraph. Ocwen further states that this case, in whole or in part, should be referred to the Bankruptcy Court for the Middle District of Florida, based upon Plaintiff's allegations that arise out of her bankruptcy case.

6. Paragraph 6 states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies the allegations of paragraph 6.

7. Paragraph 7 states legal conclusions to which no response is required; to the extent a response is required, Ocwen denies the allegations of paragraph 7.

## PARTIES

8. Paragraph 8 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen is without sufficient information regarding the remaining allegations of paragraph 8, and thus, denies those allegations.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen admits that Ocwen Loan Servicing, LLC is a non-governmental limited liability company.

10. Paragraph 10 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations in paragraph 10.

11. Paragraph 11 contains improper argument and legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations in paragraph 11.

12. Paragraph 12 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations in paragraph 12.

## CLASS ACTION ALLEGATIONS

13. Paragraph 13 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen admits that Plaintiff purports to bring this action as a class action, but denies that it is appropriate for such treatment.

### *Numerosity*

14. Paragraph 14 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations in paragraph 14.

### *Commonality*

15. Paragraph 15 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations in paragraph 15.

### *Typicality*

16. Paragraph 16 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations in paragraph 16.

### *Adequacy of Class Representation*

17. Paragraph 17 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations in paragraph 17.

### *Predominance of Common Questions*

18. Paragraph 18 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations in paragraph 18.

### *Superiority of Class Resolution*

19. Paragraph 19 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations in paragraph 19.

20. Paragraph 20 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 20.

21. Paragraph 21 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 21.

22. Paragraph 22 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 22.

23. Paragraph 23 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 23.

## FACTUAL ALLEGATIONS

24. Ocwen is without sufficient information regarding the allegations of paragraph 24, and thus, denies those allegations. Paragraph 24 also contains argument and opinion, such that no response is required; to the extent a response is required, Ocwen denies the allegations of paragraph 24.

25. Paragraph 25 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 25. Ocwen further denies Plaintiff's characterizations of the law and that Plaintiff has cited all relevant portions of the referenced laws.

26. Paragraph 26 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 26. Ocwen further denies Plaintiff's characterizations of the law and that Plaintiff has cited all relevant portions of the referenced laws.

27. Paragraph 27 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 27. Ocwen further denies

Plaintiff's characterizations of the law and that Plaintiff has cited all relevant portions of the referenced laws.

28. Paragraph 28 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 28. Ocwen further denies Plaintiff's characterizations of the law and that Plaintiff has cited all relevant portions of the referenced laws.

29. Paragraph 29 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 29. Ocwen further denies Plaintiff's characterizations of the law and that Plaintiff has cited all relevant portions of the referenced laws.

30. Paragraph 30 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 30. Ocwen further denies Plaintiff's characterizations of the law and that Plaintiff has cited all relevant portions of the referenced laws.

31. Paragraph 31 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 30. Ocwen is without sufficient information regarding the remaining allegations of paragraph 31, and thus, denies those allegations.

32. Paragraph 32 states legal conclusions not requiring a response; to the extent a response is required, Ocwen denies the allegations of paragraph 32. Ocwen further denies Plaintiff's characterizations of the law and that Plaintiff has cited all relevant portions of the referenced laws.

33. Ocwen admits that it serviced a loan secured by a mortgage on real property in Dunedin, FL, that was owned by Plaintiff.

34. Paragraph 34 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen states that the referenced bankruptcy documents speak for themselves and denies Plaintiff's allegations to the extent they are inconsistent with the referenced document.

35. Paragraph 35 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies the allegations contained in paragraph 35.

36. Paragraph 36 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen further states that the referenced bankruptcy documents speak for themselves. Ocwen is without knowledge as to the remaining allegations of paragraph 36, and thus, denies them.

37. Paragraph 37 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen further states that the referenced bankruptcy documents speak for themselves.

38. Paragraph 38 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies the allegations contained in paragraph 38.

39. Paragraph 39 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies the allegations contained in paragraph 39. Ocwen further states that the referenced Exhibit B is a document that speaks for itself.

40. Paragraph 40 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies the allegations contained in paragraph 40. Ocwen further states that the referenced Exhibit B is a document that speaks for itself.

41. Paragraph 41 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies the allegations contained in paragraph 41. Ocwen further states that the referenced Exhibit B is a document that speaks for itself.

42. Paragraph 42 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies the allegations contained in paragraph 42. Ocwen further states that the referenced Exhibit B is a document that speaks for itself.

43. Paragraph 43 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies the allegations contained in paragraph 43. Ocwen further states that the referenced Exhibits B and C are documents that speak for themselves.

44. Paragraph 44 was omitted from the Complaint and thus not response is required.

45. Paragraph 45 contains conclusions and opinions such that no response is required; to the extent a response is required, Ocwen denies the allegations of paragraph 45.

46. Paragraph 46 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen is without knowledge as to the remaining allegations of paragraph 46, and thus, denies them.

47.     Paragraph 47 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen further states that the referenced HAMP documents speak for themselves. Ocwen further answers that the HAMP program speaks for itself and denies Plaintiff's characterizations of it or that Plaintiff is referencing all relevant portions of the HAMP guidelines.

48.     Paragraph 48 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen further states that the referenced HAMP documents speak for themselves. Ocwen further answers that the HAMP program speaks for itself and denies Plaintiff's characterizations of it or that Plaintiff is referencing all relevant portions of the HAMP guidelines.

49.     Paragraph 49 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen further states that the referenced HAMP documents speak for themselves. Ocwen further answers that the HAMP program speaks for itself and denies Plaintiff's characterizations of it or that Plaintiff is referencing all relevant portions of the HAMP guidelines.

50.     Paragraph 50 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen is without knowledge as to the remaining allegations of paragraph 50, and thus, denies them.

51.     Paragraph 51 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen is without knowledge as to the remaining allegations of paragraph 51, and thus, denies them.

52. Paragraph 52 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen is without knowledge as to the remaining allegations of paragraph 52, and thus, denies them.

53. Paragraph 53 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

54. Paragraph 54 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

55. Paragraph 55 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen further states that the bankruptcy documents speak for themselves and denies this allegation to the extent it contradicts the referenced bankruptcy documents.

56. Paragraph 56 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

57. Paragraph 57 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

58. Paragraph 58 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

59. Paragraph 59 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

60. Paragraph 60 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

# COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT OCWEN.

61. Ocwen admits that this purports to be an action seeking damages for alleged violations of the FCCPA. Ocwen denies that it violated the FCCPA and denies that Plaintiff has suffered any damage or is entitled to any relief. Ocwen denies any remaining allegations of paragraph 61.

62. Ocwen restates and incorporates its responses to the allegations stated in paragraphs 1-60 as if set forth herein verbatim.

63. Paragraph 63 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

64. Ocwen states that the referenced statute speaks for itself, and denies Plaintiff's characterizations of the law and that Plaintiff has cited all relevant portions of the referenced laws. To the extent a further response is required, Ocwen denies any remaining allegations of paragraph 64.

65. Paragraph 65 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

66. Paragraph 66 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

67. Paragraph 67 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

68. Paragraph 68 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

69. Paragraph 69 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

## COUNT II

## INJUNCTIVE RELIEF AND MONETARY SANCTIONS FOR DISCHARGE INJUNCTION VIOLATIONS BY DEFENDANT OCWEN.

70. Ocwen admits that this purports to be an action for alleged violation of the Discharge Injunction, but denies that it has violated the discharge injunction or that Plaintiff is entitled to any relief.

71. Ocwen restates and incorporates its responses to the allegations stated in paragraphs 1-60 as if set forth herein verbatim.

72. Paragraph 72 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations. Ocwen further states that the referenced bankruptcy document speaks for itself.

73. Ocwen states that the referenced document speaks for itself and denies the allegations of paragraph 73 to the extent they contradict the referenced document.

74. Paragraph 74 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

75. Paragraph 75 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

76. Paragraph 76 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

77. Paragraph 77 of the Complaint states legal conclusions to which no response is required, Ocwen denies those allegations.

78. Paragraph 78 of the Complaint states legal conclusions to which no response is necessary; to the extent a response is required, Ocwen denies those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Not Debt Collection)

The alleged communications Plaintiff seeks relief upon were sent for informational purposes only and do not constitute attempts to collect a debt.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

To the extent the Plaintiff seeks damages for conduct occurring prior to the limitations period, such claims are barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Compliance with Legal Obligations)

Plaintiff's claims are barred to the extent that any documents sent to Plaintiff after May 20, 2015, were the result of statutory and contractual obligations.

### FOURTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's causes of action under the FCCPA is barred as it is preempted by the bankruptcy code.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff fails to state a claim as she has not alleged any damages or other concrete injury arising from Ocwen's alleged conduct, and thus does not have standing to pursue this claim.

## SIXTH AFFIRMATIVE DEFENSE
### (Defenses Specific to Class Members)

Ocwen may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. Ocwen reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## SEVENTH AFFIRMATIVE DEFENSE
### (Excessive Penalties)

The statutory penalties sought by Plaintiff and members of the putative class are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Comply With Condition Precedent)

Plaintiff has failed to comply with the conditions precedent in paragraph 20 of her mortgage. Specifically, Plaintiff failed to provide Ocwen with notice and an opportunity to cure any alleged improper action.

## NINTH AFFIRMATIVE DEFENSE
### (No Representation)

Ocwen states that Plaintiff's retention of Sandra Day to represent her in bankruptcy does not extend to all aspects of mortgage servicing or the alleged debt.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff and the putative class members have failed to mitigate their damages based in part on their failure to request in writing that the faxes cease.

## ELEVENTH AFFIRMATIVE DEFENSE
(Bona Fide Error)

Ocwen's alleged conduct was the result of a bona fide error despite established procedures that it has in place to avoid such errors.

## TWELFTH AFFIRMATIVE DEFENSE
(Lack of Intent)

Ocwen's alleged conduct was not the result of malicious and willful intent, but rather unintentional. Accordingly, punitive damages are unavailable.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Laches and Estoppel)

Plaintiff's claims are barred under the doctrines of Laches and Estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Limitations on Damages)

Defendant states that Plaintiffs' alleged damages are limited under both the FCCPA and FDCPA to $1,000 per action, not per alleged violation. Further, in the event this action is certified as a class, class action damages are limited to $500,000.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

Defendant reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

Respectfully submitted,

**BLANK ROME, LLP**
500 E. Broward Blvd. Suite 2100
Fort Lauderdale, FL 33394
Telephone: 954-512-1800
Facsimile: 954-512-1818

By: */s/ Paul J. Sodhi*
Paul J. Sodhi
Florida Bar No. 42353
PSodhi@BlankRome.com

140383.03314/102794614v.1

Bocaeservice@BlankRome.com
- And -
**BLANK ROME LLP**
500 Grant Street
Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 515-1522
Fax: (844) 368-4326
By: */s/ Joseph Culleiton*
E-mail: JCulleiton@BlankRome.com
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court this 1st day of July, by using the CM/ECF System which will send notice of the electronic filing and complete service to all interested parties.

*/s/ Paul J. Sodhi*_____
Paul J. Sodhi
Florida Bar No. 42353
PSodhi@BlankRome.com