## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LYNN FEGADEL,**

      **Plaintiff,**                **CASE NO. 8:15-cv-02228-EAK-JSS**

**v.**

**OCWEN LOAN SERVICING, LLC,**

      **Defendant.**

_____/

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND
### SUPPORTING MEMORANDUM OF LAW

Plaintiff, Lynn Fegadel ("Plaintiff" or "Fegadel"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, hereby files this Motion to Compel Discovery, and in support states as follows:

### INTRODUCTION

This is a class action against Defendant Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen") alleging Defendant attempted to collect from Plaintiff and the members of the proposed class debts that had been discharged in bankruptcy. Plaintiff's motion for class certification is due on December 20, 2016. In December 2015, Plaintiff served Defendant with discovery related to class certification issues. As detailed below, Defendant has failed to provide a shred of useful information as to the Class in this case. Defendant has not identified any other Class Members or provided any other information that will enable Plaintiff to identify the Class.

Defendant is evasive and elusive as to every single one of Plaintiff's discovery requests. Plaintiff respectfully asks the Court to compel Defendant to engage in the discovery process in a meaningful way, as required by the Federal Rules of Civil Procedure.

1

## BACKGROUND

1.      The Complaint in this matter was filed on September 24, 2015.  Doc. 1.

2.      On December 8, 2015, Plaintiff propounded Interrogatories (the "Interrogatories"), Requests for Production ("RFP"), and Requests for Admission ("RFA") (collectively, the "Discovery Requests") on Defendant (collectively with Plaintiff, the "Parties"). A copy of the Discovery Requests are attached as Exhibit A.

3.      Per agreement between the Parties, Defendant's deadline to respond to the Discovery Requests was extended due to the pendency of Defendant's Motion to Dismiss.  Doc. 16.

4.      On March 11, 2016, Defendant submitted to Plaintiff its written responses to the Discovery Requests (collectively, the "Discovery Responses").   A copy of Defendant's Responses and Objections to the RFP is attached as Exhibit "B".   A copy of Defendant's Answers and Objections to the Interrogatories are attached as Exhibit "C".

5.      Defendant's Discovery Responses raised a myriad of objections and provide absolutely no information related to the Class discovery requested.

6.      The Parties again agreed to extend discovery and the deadline for class certification while the Motion to Dismiss was pending.  That Motion to Dismiss was denied on June 22, 2016.  Doc. 28.

7.      On July 22, 2016, Defendant provided a mere 44 pages of documents.  A copy of all such documents produced are attached as Exhibit "D".  Those documents are heavily-redacted and Defendant has not provided a privilege log.   Further, all the documents relate to the Plaintiff individually and do not address any class issues.

8.     Defendant has not produced any additional information or documents relevant to Class discovery.  Nor has Defendant identified whether it will ever willingly produce any Class discovery.

9.     Plaintiff's class certification motion is due December 20, 2016.  Despite Plaintiff timely submitting the Discovery Requests to Defendant, despite Plaintiff agreeing in advance to Defendant having an extended time to respond to those Requests, and despite months passing from when Defendant's responses were due, Plaintiff still has no usable discovery from Defendant to support a motion for class certification.

10.    This Motion to Compel is focused on resolving objections related to the requests that will enable the Court to determine issues related to class certification.  However, Plaintiff is not waiving its right to later seek a motion to compel related to discovery requests not addressed in this Motion.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26 allows the parties to engage in discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Courts construe relevancy "broadly to encompass any matter that bears on, or that could reasonably lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

Local Rule 3.04(a) requires that "A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall include quotation in full of each [discovery request] to which the motion is addressed; each of which shall be followed immediately by quotation in full of the

3

objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted."   The details required by Local Rule 3.04 are set forth below.

Further, with respect to a number of the Discovery Requests, Defendant makes objections but then answers "subject to" those objections.  "Even though the practice has become common here and elsewhere, courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands.  *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-CV-753-FTM-36, 2011 WL 3841557, at *3 (M.D. Fla. Aug. 29, 2011) (citing *Mann v. Island Resorts Development, Inc.,* 2009 WL 6409113 at *2–3 (N.D. Fla. Feb. 21, 2009); *Consumer Electronics Association v. Compras and Buys Magazine, Inc.,* 2008 WL 4327253 * 2 (S.D.Fla. September 18, 2008) (holding that formulaic objections followed by an answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court, because such practice leaves the requesting Party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered); *Meese v. Eaton Manufacturing, Co.,* 35 F.R.D. 162, 166 (N.D.Ohio 1964) (holding that a party who objects and then answers an interrogatory waives that objection); Wright, Miller & Marcus, *Federal Practice and Procedure: Civil* § 2173 (stating "[a] voluntary answer to an interrogatory is also a waiver of the objection.")).  While Plaintiff will address Defendant's objections below, Plaintiff respectfully requests that objections that were also answered to be a waiver of the objection.

Defendant raises several objections repeatedly throughout the Discovery Responses. Because the argument as to each such objection is the same, in an effort to save space, the arguments relating to those objections are set forth below in Section I.

I.    **REPEATED OBJECTIONS**

Defendant raises the following generic objection to many Discovery Requests:

- "Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence…,"

- "Defendant objects to this Request to the extent that it seeks 'all' requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action ...,"

- Defendant objects to the phrases "attempted collection of debts" and "attempt to collect debts" because Defendants did not act as a debt collector during the relevant time periods at issue, and any communications with Plaintiff were informational and were not attempts to collect a debt.

- "Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine…,"

- "Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature…,"

- "[T]his request is vague and fails to identify the documents it seeks with any reasonable particularity."

### A.   <u>GENERIC OBJECTIONS</u>

 "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (internal citations omitted). "The party objecting to the discovery request has the burden to explain, with specificity, why the request is unduly burdensome, vague, or overly broad." Nowhere does Defendant state why the Discovery Requests are vague, unduly burdensome, or overbroad.[1]

### B.   <u>RELEVANCY</u>

Defendant raises relevancy objections to many of Plaintiff's Discovery Requests.[2] Federal Rule of Civil Procedure 26(b) states "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The Official Committee Notes to the 2000 Amendment of the rule explain that "a variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action." *See Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 689 (S.D. Fla. 2011) (citing Rule 26(b) and holding that "One illustration of a subject encompassed by the scope of discovery, even though not directly linked to a claim or defense, is "information that could be used to impeach a likely witness.").

---

[1] Defendant raises this type of objection in response to RFP #2, 8, 9, and Interrogatories #4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 21.

[2] Defendant raises this objection in response to RFP #2, 3, 7, 8, 9, 19; and Interrogatories #4, 5, 6, 7, 8, 9, 10, 21.

"When the discovery requested appears relevant on its face, then the party objecting to the discovery based upon relevance has the burden to show the requested discovery is not relevant." *Lesti v. Wells Fargo Bank NA*, 297 F.R.D. 665, 667 (M.D. Fla. 2014) (citing *Unlimited Resources, Inc. v. Deployed Resources, LLC,* 2009 WL 212188 at *3 (M.D.Fla. Jan. 29, 2009)). "The scope of discovery is broad, however, the information must be relevant to a claim or defense, but need not be admissible at trial." *Id.*

Defendant's objections do not set forth any basis for why the requested documents or information are irrelevant. Each of the Discovery Requests seeks information relevant on their face, especially in light of the "broad" scope of permissible discovery. *Id.*

### C.   **DEBT COLLECTION**

With respect to a number of Discovery Requests,[3] Defendant asserts that it will not provide information because Defendant claims it "did not act as a debt collector during the relevant time periods at issue, and any communications with Plaintiff were informational and were not attempts to collect a debt."  Defendant's denials are improper. The Court has already ruled that the activity set forth in the Complaint is debt collection.

In its Order denying Defendant's Motion to Dismiss (Doc. 28), the Court held that Defendant's alleged conduct was debt collection.  The Court looked at the language of the billing statements attached to the Complaint and found that included statements such as "Past Due," "Total Amount Due," and "Due Now."  Doc. 28, pp. 5-6.  Thus, the Court concluded "the

---

[3] Defendant raises this objection in response to RFP #2, 8; and Interrogatories #4, 5, 6, 7, 8.

Motion to Dismiss must be denied because the communications were alleged to be for the purposes of collecting a debt from the Plaintiff rather than for informational purposes." *Id.*

If the Court believed that Defendant's activities (including sending the billing statements and letters attached as exhibits to the Complaint) were not acts of debt collection, it could have dismissed Plaintiff's complaint. Instead, the Court denied Defendant's Motion to Dismiss in every respect.   Thus, Plaintiff believes that the Court has ruled that Defendant's efforts were "debt collection" as a matter of law. Defendant's objections to the contrary should therefore be overruled.

### D.   ATTORNEY-CLIENT / WORK PRODUCT

Defendant repeatedly[4] raises as an objection based on the attorney-client privilege and/or the attorney work product doctrine," ("Attorney-Client Objections").  However, the Discovery Requests specifically provide for the treatment of materials Defendant alleges to be privileged.

"The party asserting the privilege has the burden of proving the existence of the privilege." *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1336 (M.D. Fla. 2007) (citing *United States v. Schaltenbrand,* 930 F.2d 1554, 1562 (11th Cir.1991)). The Instructions to the Discovery Requests state that, with respect to requested documents, if Defendant withholds any information, Defendant is "requested to submit in lieu of any such information a written statement," identifying certain non-privileged information about the document. Ex. A, p. 7. These types of privilege logs are commonplace in discovery and are recognized by the Discovery Handbook for the Middle District of Florida (pp. 15-16).

---

[4] Defendant raises this objection in response to RFP #2, 3, 7, 8, 9, 19; and Interrogatories #4, 5, 9.

Indeed, the Discovery Handbook states that a discovery respondent "*must* describe the nature of the documents, communications, or things not produced or disclosed, such that, without revealing the privileged or protected information itself, the description will enable other parties to assess the applicability of the privilege or protection." Discovery Handbook, p. 20, Section VI(A)(1) (emphasis added). Defendant did not produce a privilege log or any other information that would enable Plaintiff to determine the applicability of the privilege.

Moreover, the Discovery Requests instruct Defendant to "produce copies of the non-privileged portions of the document, indicating clearly any masking or deletions that have been made." Ex. A, p. 7. Defendant did not do so.

Plaintiff has no intention of pursuing the discovery of work-product or attorney-client privileged information.  But Defendant has asserted that privilege without meeting its burden to support such a claim. Plaintiff respectfully requests that the Court overrule the objections unless Defendant can demonstrate applicability of the privilege and, where Defendant can do so, order Defendant to produce a privilege log in compliance with the Discovery Handbook.

### E.     CONFIDENTIALITY

Defendant repeatedly[5] asserts that the Discovery Requests seek materials that may be confidential or proprietary to Defendant.  Federal Rule of Civil Procedure 26(c) provides that a protective order shall issue only upon a showing of "good cause." "The burden is on the movant to show the necessity for its issuance." *Barnello v. Bayview Loan Servicing, LLC*, No.614CV1383ORL41TBS, 2015 WL 5782346, at *5 (M.D. Fla. Sept. 2, 2015).  Here, as in *Barnello*, Defendant has "made no attempt to demonstrate that the information truly is

---

[5] Defendant raises this objection in response to RFP #2, 3, 7, 8, 9; and Interrogatories #7, 8.

confidential, what steps it takes to preserve the confidentiality of the information, or how disclosure of the information might be harmful." Id.  Further, Defendant "also has not sought a protective order." *Id*.

The Parties have already entered into a Confidentiality Agreement. Defendant repeatedly asserts it will provide documents under that confidentiality agreement yet has not provided a single such document.   To the extent Defendant maintains its confidentiality objections, Defendant should withdraw it or the Court should overrule it.

With respect to these "Repeated Objections," in the interest of brevity and efficiency, Plaintiff hereby incorporates them where appropriate into each argument below.

## II.      REQUESTS FOR PRODUCTION

As set forth above in Section I, to the extent Defendant raises each objection in its responses set forth below, Plaintiff incorporates the above arguments.

### REQUEST TO PRODUCE NO. 2

All documents relating to Defendant's policies and procedures with respect to (1) attempted collection of debts; (2) contact with persons to attempt to collect debts; and (3) receipt and processing of incoming mail at each address mail is received by Defendant.

### RESPONSE TO REQUEST TO PRODUCE NO. 2

Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, Defendant objects to the phrases "attempted collection of debts" and "attempt to collect debts" because Defendants did not act as a debt collector during the relevant time periods at issue, and any communications with Plaintiff were informational and were not attempts to collect a debt. Further, Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this

Request to the extent it seeks documents that are confidential or proprietary in nature. Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, regarding policies and procedures relating to processing and sending the communications sent to Plaintiff for loans that have been discharged in bankruptcy for the relevant time period at issue.

## ARGUMENT

All of Defendant's objections are addressed in the "Repeated Objections" section above. Despite making a number of objections, Defendant concludes the response by alleging it will provide procedures.  It has not provided any procedures.  Such procedures are crucial here to determine, among other things, whether those procedures are lawful, whether they were actually followed, and whether all such procedures have been provided.

## REQUEST TO PRODUCE NO. 3

All documents, including but not limited to, all changes made over time to all versions of the statements attached to the Complaint as Exhibit B.

## RESPONSE TO REQUEST TO PRODUCE NO. 3

Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, that are versions of Complaint, Exhibit B that were provided to Plaintiff after May 20, 2015, which is the date that Plaintiff allegedly obtained a bankruptcy discharge relating to the Alleged Debt.

## ARGUMENT

The different versions of the letters and statements attached to the Complaint are relevant to this action because they will demonstrate Defendant's prior compliance or non-compliance with the law.  For instance, if previous versions of the monthly statements sent to individuals who had been through bankruptcy did not include a payment coupon, but one was added later, that would tend to show that Defendant has become more aggressive in its collection efforts regarding discharged debts.  Defendant has not provided any such documents.

## REQUEST TO PRODUCE NO. 7

All documents relating to the creation and/or maintenance of procedures adopted by the Defendant to avoid any violation of the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, federal bankruptcy laws, and/or any state or federal law purporting to regulate consumer debt collection practices.

## RESPONSE TO REQUEST TO PRODUCE NO. 7

Defendant objects to this Request in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature.

## ARGUMENT

The request is phrased to include references to other statutes because Plaintiff has no way to know how Defendant identifies such materials internally.  In other words, if Plaintiff had requested policies for FCCPA compliance, but Defendant had instead labeled its internal materials as referring to compliance of the federal Fair Debt Collection Practices Act ("FDCPA"), Defendant would be able to evade producing such materials.

12

Many different states have their own versions of the FCCPA.  *See e.g.* California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq.; Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101 *et seq*.; Illinois Collection Agency Act, 225 ILCS 425 *et seq*. However, entities like Defendant typically do not have a separate set of collection policies for compliance with each individual state law.  Instead, they have a general set of policies and typically refer to the FDCPA in a generic sense to refer to all their collection policies.[6]

A number of other courts have held that policies and procedures related to debt collection are indeed discoverable.  *See Drossin v. Nat'l Action Fin. Svcs., Inc.*, No. 07-61873-CIV, 2008 WL 5381815, at *5-6 (S.D. Fla. Dec. 19, 2008) (ordering debt collector "to turn over any written documentation of its policies and procedures to be used by employees of Defendant with respect to collecting debts."); *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2D 1030, 1045 (D. Minn. 2010) (directing debt collector to turn over policy manuals, procedure manuals, or other documents that were distributed to Midland employees and that reference, constitute or duplicate the TCPA); *Kane v. Nat'l Action Fin. Svcs., Inc.*, No. 11-11505, 2012 WL 1658643, at *3 (E.D. Mich. May 11, 2012) (ordering debt collector to provide plaintiff with "policies and manuals related to the circumstances of the complaint, and information generally related to the FDCPA and any violation thereof."); *Seifried v. Portfolio Recovery Associates, LLC*, No. 12-CV-0032-JHP, 2013 WL 3340685, at *2 (E.D. Ok. July 2, 2013) (compelling production of new hire training manuals, documentation on lawsuits, disciplinary information, and steps to prevent

---

6    Indeed, even the FCCPA itself expressly refers to and adopts the FDCPA.  *See* Fla. Stat. § 559.552 (The FCCPA "is in addition to the requirements and regulations of the federal act.").

harassment of persons from who defendant collects debts); *Devlin v. Law Offices of Howard Lee Schiff, P.C.*, 11-11902-JGD, 2013 WL 1459195, at *1 (D. Mass. Apr. 10, 2013).

Determining Ocwen's internal policies are crucial to the resolution of this Class action. If Ocwen has policies forbidding the conduct that occurred here, it is important for Plaintiff to determine whether those policies are actually enforced.  If Ocwen has a policy permitting the conduct that occurred here, then Ocwen's disregard of the law serves to amplify its culpability.

## REQUEST TO PRODUCE NO. 8

All documents relating to memoranda, reports, operation manuals, instructions, guides, etc. used by Defendant as part of its debt collection efforts.

## RESPONSE TO REQUEST TO PRODUCE NO. 8

Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, Defendant objects to the phrase "debt collection efforts" because Defendant did not act as a debt collector during the relevant time periods at issue, and any communications were informational and were not attempts to collect a debt. Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature.  Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, relating to communications for loans that have been discharged in bankruptcy for the relevant time period at issue.

## ARGUMENT

Defendant's generic objections are addressed above, Section I.  This request, like Request to Produce No. 7, are relevant on their face to determine the scope of Ocwen's culpability. Defendant has not produced a single document in response to this request.

**REQUEST TO PRODUCE NO. 9**

All documents, including, but not limited to, books, instructions, guides, video tapes, audio tapes, and memoranda, relating to training by or for Defendant employees regarding the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, federal bankruptcy laws, and/or any state or federal law purporting to regulate consumer debt collection practices.

**RESPONSE TO REQUEST TO PRODUCE NO. 9**

Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, relating to training for the FCCPA, and for loans that have been discharged in bankruptcy for the relevant time period at issue.

**ARGUMENT**

As with Request to Produce No. 7, Plaintiff is unable to determine how Ocwen identifies its policies and procedures and therefore the request was drafted in such a way as to encapsulate any such internal labels.  Nevertheless, no documents have been produced.

**REQUEST TO PRODUCE NO. 19**

All documents related to any litigation or complaints made by or on behalf of debtors to Defendant relating to or involving collections of any amounts alleged to be due after a bankruptcy discharge.

**RESPONSE TO REQUEST TO PRODUCE NO. 19**

Defendant objects to this Request in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**ARGUMENT**

The information requested in this Request to Produce is crucial to determine the scope of Defendant's liability and in determining the size of the Class.  Documents relating to Defendant having been sued or received complaints from bankrupt individuals regarding attempted collection of amounts discharged in bankruptcy are relevant to establishing Defendant's knowledge about this issue.  Further, such information is also relevant to determining how many other individuals in the Class have already taken formal action against Defendant for its activities.

**III.   INTERROGATORIES**

**INTERROGATORY NO. 4**

Describe all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, federal bankruptcy laws, and/or any other state or federal law purporting to regulate consumer debt collection activities.

**RESPONSE TO INTERROGATORY NO. 4**

Ocwen objects to this Interrogatory in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, this Interrogatory seeks information on procedures utilized in connection with "consumer debt collection activities"; however, Ocwen did not act as a debt collector during the relevant time periods at issue in regard to the allegations raised in Plaintiff's Complaint. Ocwen also objects to this Interrogatory to the extent it seeks

information protected by the attorney-client privilege and/or the work product doctrine. Further, Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it requests procedures regarding all state and federal laws purporting to regulate consumer debt collection, many of which are not even at issue in this case. Further, Ocwen objects that this Interrogatory is not limited in time or scope, and fails to identify any specific provisions of the referenced laws that it describes, and as such, the Interrogatory is vague and ambiguous.

## ARGUMENT

Plaintiff incorporates the argument in response to Defendant's objection to Request to Produce No. 7 above.  Defendant has not provided any information whatsoever regarding its policies and procedures with respect to any consumer protection laws or federal bankruptcy laws.

## INTERROGATORY NO. 5

Describe all policies and procedures utilized by Defendant when a debtor who owes money to Defendant files for bankruptcy protection or obtains a discharge of a debt from the bankruptcy court, including without limitation, policies and procedures utilized by Defendant to avoid continuing to contact debtors after a bankruptcy or discharge.

## RESPONSE TO INTERROGATORY NO. 5

Ocwen objects to this Interrogatory to the extent that it is duplicative of Interrogatory 4, and restates and incorporates its response to Interrogatory 4 herein. Ocwen further objects to this Interrogatory to the extent that it seeks information relating to policies and procedures relating to borrowers that file for bankruptcy protection, but that have not obtained a discharge of debt, because Plaintiff's Complaint does not raise any allegations or claims regarding such borrowers. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that it has produced or will produce the relevant documents.

## ARGUMENT

Defendant's generic objections are addressed above, Section I.  This request, like Request to Produce No. 7, are relevant on their face to determine the scope of Ocwen's culpability.

**INTERROGATORY NO. 6**

With respect to the training of persons involved in the collection of the Alleged Debt, please describe the training content, timing, duration, all documents and audio or visual materials used in such training, and identify each person involved in such training.

**RESPONSE TO INTERROGATORY NO. 6**

Ocwen objects to this Interrogatory in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, this Interrogatory seeks information on trainings involved "in the collection of the Alleged Debt"; however, Ocwen did not act as a debt collector in regard to Plaintiff during the relevant time periods at issue. Further, Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it does not limit the information requested to the type of claims at issue in this case. Further, Ocwen objects that this Interrogatory is not limited in time or scope. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that there were no individuals involved in any alleged "collection of the Alleged Debt" because Ocwen did not act as a debt collector during the relevant time periods at issue.

**ARGUMENT**

Understanding how Defendant's employees are trained to collect debts is relevant to determining Defendant's liability for collecting discharged debts.  If Defendant trains its employees to collect discharged debts, or trains them not to record their collection of discharged debts, Defendant's culpability is enhanced.  Other courts in the Middle District of Florida have deemed such training materials as relevant.  *See Moss v. GEICO Indem. Co.*, No. 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *4 (M.D. Fla. Mar. 2, 2012) (where Plaintiff requested personnel files in bad faith insurance claim, the Court held that "The Court does not know what is in those files but drawing on its own experience, assumes they contain information concerning each employee's training, competence, abilities, shortcomings, accolades and disciplinary

history, if any, all of which is relevant.").  Further, as discussed above, Defendant's arguments

that it was not engaged in debt collection are without merit.

**INTERROGATORY NO. 7**

Please describe fully any system(s) Defendant maintains or operates to record, track, log, and/or select contacts (e.g. letter, telephone call) with debtors in connection with the collection of consumer accounts, and Defendant's policies for operating such a system.

**RESPONSE TO INTERROGATORY NO. 7**

Ocwen objects to this Interrogatory in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, this Interrogatory seeks information on systems that Ocwen maintains or operates to use "in connection with the collection of consumer accounts"; however, Ocwen did not act as a debt collector during the relevant time periods at issue in regard to the allegations raised in Plaintiff's Complaint. Ocwen also objects to this Interrogatory to the extent it is not limited in time or scope. Further, Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it requests information regarding all debtors, and is not limited to Plaintiff or even the alleged proposed class. Further, Ocwen objects to this Interrogatory as the requested information is confidential and proprietary information.

**ARGUMENT**

Defendant's objections are addressed above, Section I.  This request, like Request to

Produce No. 7, are relevant on their face to determine the scope of Ocwen's culpability.

**INTERROGATORY NO. 8**

Please identify any documents used to describe, record, track, log, or establish Defendant's methods and techniques to be used in the collection of the Alleged Debt and identify all internal codes, abbreviations, and shorthand used in memorialization of oral communication or written communication with debtors that may appear in your records.

## RESPONSE TO INTERROGATORY NO. 8

Ocwen objects to this Interrogatory in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, this Interrogatory seeks information on methods and techniques to "collect, record, track, or log the collection of debts"; however, Ocwen did not act as a debt collector during the relevant time periods at issue in regard to the allegations raised in Plaintiff's Complaint. Ocwen also objects to this Interrogatory to the extent it is not limited in time or scope. Further, Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it requests information regarding all debtors, and is not limited to Plaintiff or even the alleged proposed class. Further, Ocwen objects to this Interrogatory as the requested information is confidential and proprietary information.

## ARGUMENT

Defendant's objections are addressed above, Section I.  This request, like Request to

Produce No. 7, are relevant on their face to determine the scope of Ocwen's culpability.

## INTERROGATORY NO. 9

Please identify all individuals within Defendant's organization (including outside vendors) responsible for establishing any system that Defendant uses to in any way identify debtors who have filed for bankruptcy and/or obtained a bankruptcy discharge.

## RESPONSE TO INTERROGATORY NO. 9

Ocwen objects to this Interrogatory in that it seeks information that is not relevant to the claims or defenses in this action because the persons that establish any relevant systems used by Ocwen, as opposed to the systems themselves, are not likely to lead to the discovery of admissible evidence. Ocwen objects to this Interrogatory to the extent that it seeks information relating to debtors that have filed for bankruptcy protection, but that have not obtained a discharge of debt, because Plaintiff's Complaint does not raise any allegations or claims regarding such debtors. Ocwen also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Further, Ocwen objects that this Interrogatory is not limited in time or scope. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that it has produced or will produce the relevant documents that describe the relevant system(s).

**ARGUMENT**

Defendant's objections are addressed above, Section I.   This request, like Request to Produce No. 7, are relevant on their face to determine the scope of Ocwen's culpability. Defendant has provided no such relevant documents.

**INTERROGATORY NO. 10**

Please identify all individuals within the Middle District of Florida that Defendant identifies as having filed bankruptcy naming Defendant or Defendant's principal as a creditor within the six year prior to the filing of the Complaint in this matter, including their name, address, and telephone number.

**RESPONSE TO INTERROGATORY NO. 10**

Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it seeks information beyond the relevant statutes of limitation. Ocwen further objects to this Interrogatory to the extent that it seeks information relating to persons that filed for bankruptcy protection, but have not obtained a discharge of debt, because Plaintiff's Complaint does not raise any allegations or claims regarding such persons. Ocwen further objects to this Interrogatory as it seeks information that is publicly available and accessible to Plaintiff.  Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety. This request seeks class related discovery that is premature at this time.

**ARGUMENT**

This Interrogatory, in conjunction with Interrogatories 11, 12, and 13, are crucial in determining the size of the Class and identities of Class Members.  First, by establishing how many bankruptcies in which Defendant is a creditor, Plaintiff can see a baseline for comparison against the other interrogatories.   Next, Interrogatory 11 asks Defendant to identify which bankrupt debtors have actually obtained a discharge.  If a debtor has not obtained a bankruptcy discharge then Ocwen may be able to collect the debtor and those debtors would not be Class Members. Of that group, Interrogatory 12 asks Defendant to identify those who have been

represented by an attorney. Of the bankrupt debtors from whom Defendant attempted to collect discharged debts, a significant number will have been represented by an attorney. Those debtors would be part of the Class with respect to alleged violations of Fla. Stat. § 559.72(18). Finally, Interrogatory 13 asks Defendant to identify which individuals who have obtained a bankruptcy discharge have also received communications after obtaining that discharge. Narrowing down from the largest group to the smallest allows Plaintiff to, at the very least, (1) identify Class Members; (2) determine the scope of Defendant's illegal conduct by determining what portion of all bankrupt individuals receive communications regarding their discharged debts; and (3) begin to determine why some individuals receive such communications and not others, which further helps define the scope of Defendant's conduct.

To the extent Defendant claims that this information is publicly available, that is not a valid basis for an objection. *See U.S. Nutraceuticals LLC v. Cyanotech Corp.*, No. 5:12-CV-366-OC-10PRL, 2014 WL 1918040, at *2 (M.D. Fla. May 13, 2014) ("It is not usually a ground for objection that information sought in discovery is equally available to the requesting party or is a matter of public record."); s*ee also Pantages v. Cardinal Health 200, Inc.*, 2009 WL 1011048, at *3 n.4 (granting plaintiff's motion to compel and overruling defendant objected that "Plaintiff's requests sought information that is readily available to the public . . .").

This information is crucial to Plaintiff's motion for class certification. Further, Defendant's Motion to dismiss has already been denied, so this request is not premature. Defendant's objections should be overruled.

**INTERROGATORY NO. 11**

Please identify all individuals within the Middle District of Florida that Defendant identifies as having filed bankruptcy naming Defendant or Defendant's principal as a creditor and obtained a bankruptcy discharge within the six years before the date the Complaint was filed, including their name, address, and telephone number.

**RESPONSE TO INTERROGATORY NO. 11**

Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it seeks information beyond the relevant statutes of limitation. Ocwen further objects to this Interrogatory as it seeks information that is publicly available and accessible to Plaintiff. Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety. This request seeks class related discovery that is premature at this time.

**ARGUMENT**

Defendant's objections are addressed in response to Interrogatory No. 10.

**INTERROGATORY NO. 12**

Please identify all individuals within the Middle District of Florida that Defendant identifies as having filed bankruptcy naming Defendant or Defendant's principal as a creditor and obtained a bankruptcy discharge who were represented by an attorney, including their name, address, and telephone number, and the name and address of the attorney.

**RESPONSE TO INTERROGATORY NO. 12**

Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it is not limited in time by the relevant statutes of limitation. Ocwen further objects to this Interrogatory as it seeks information that is publicly available and accessible to Plaintiff. Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety. This request seeks class related discovery that is premature at this time.

**ARGUMENT**

Defendant's objections are addressed in response to Interrogatory No. 10.

## INTERROGATORY NO. 13

Please identify all individuals within the Middle District of Florida that Defendant identifies as having filed bankruptcy naming Defendant or Defendant's principal as a creditor and obtained a bankruptcy discharge and received any communications from Defendant after having obtained said bankruptcy discharge. Such communications include, but are not limited to, billing statements, letters or other written correspondence requesting payment in any way, and telephone calls requesting payments

## RESPONSE TO INTERROGATORY NO. 13

Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it is not limited in time by the relevant statutes of limitation. Further, Ocwen objects to this Interrogatory to the extent that it seeks information regarding telephone calls because Plaintiff's Complaint does not raise any allegations or claims regarding Defendant's use of a telephone or any telephone communications with the Plaintiff. Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety. This request seeks class related discovery that is premature at this time.

## ARGUMENT

Defendant's objections are addressed in response to Interrogatory No. 10.  Further, to the extent Defendant argues that Plaintiff's complaint does not involve use of a telephone, this case involves collection of debts that have been discharged.  Such debts are very often collected by telephone and such collection attempts are "communications" under the FCCPA.  *See* Fla. Stat. § 559.55(2).   Therefore, such communications would fall within the proposed class.

## INTERROGATORY NO. 14

Please identify the beginning and ending dates for the period during which Defendant sent out statements to consumers other than Plaintiff in substantially the same form as those attached to the Complaint as Exhibit B.

**RESPONSE TO INTERROGATORY NO. 14**

Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it is not limited in time by the relevant statutes of limitation. Further, Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it requests information regarding all consumers that may have received Complaint, Exhibit B, and is not limited to Plaintiff or even to similarly situated consumers. Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety. This request seeks class related discovery that is premature at this time. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that it has produced, or will produce, all document that are versions of Complaint, Exhibit B that were provided to Plaintiff after May 20, 2015, which is the date that Plaintiff allegedly obtained her bankruptcy discharge order.

**ARGUMENT**

Defendant's objections are addressed above, Section I, and in response to Defendant's objections to RFP #3. This request is relevant on its face to determine the scope of Ocwen's culpability.

**INTERROGATORY NO. 15**

Please calculate and provide all amounts collected from all individuals within the Middle District of Florida that Defendant identifies as having filed bankruptcy naming Defendant as a creditor and obtained a bankruptcy discharge after debts owed by those individuals were discharged in bankruptcy.

**RESPONSE TO INTERROGATORY NO. 15**

Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it is not limited in time by the relevant statutes of limitation.Further, Ocwen objects that this Interrogatory is vague and ambiguous as to the information it seeks in that it does not discuss or exempt individuals that may have reaffirmed their debt and/or those individuals that may be voluntarily repaying their debt despite any such discharge. Additionally, Ocwen objects to this Interrogatory because it requires Ocwen to undertake an analysis that would be unduly burdensome. Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety. This request seeks class related discovery that is premature at this time.

## ARGUMENT

This Interrogatory seeks information related to monetary amounts that individuals who have gone through bankruptcy have paid on debts that were discharged.  The FCCPA provides that defendants who violate that statute are liable for actual damages.  Fla. Stat. § 559.77(2).  If Defendant's wrongful efforts to collect discharged debts have led any Class Members to make a payment towards that discharged debts, the amount paid by the Class Members are actual damages.  This Interrogatory therefore helps determine the amount of actual damages across the entire Class.

To the extent Defendant alleges that this Interrogatory is vague and ambiguous because it "does not discuss or exempt individuals that may have reaffirmed their debt and/or those individuals that may be voluntarily repaying their debt despite any such discharge," Plaintiff will accept a response that exclude such individuals from the requested calculation, without waiving the ability to seek such information in the future.

## INTERROGATORY NO. 16

How many members does Defendant contend the Proposed Class as defined contains?

## RESPONSE TO INTERROGATORY NO. 16

Ocwen objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety. This request seeks class related discovery that is premature at this time. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that this matter is not appropriate for class treatment and, therefore, there would be zero members of any Proposed Class as pled by Plaintiff.

## ARGUMENT

This Interrogatory response is false, obstructionist, and made in bad faith. Plaintiff moves to compel a better answer from Defendant. The "Proposed Class" is defined in the Definitions of the Discovery Requests. Ex. A, p. 3. That definition refers to the definition set forth in the Complaint, Doc. 1, pp.3-5. *Id*. The Proposed Class in the Complaint is comprised of all consumers "who received a discharge in bankruptcy within the United States Bankruptcy Court for the Middle District of Florida who have been subjected to Defendant's practices, described below, within two (2) years of the date of Plaintiff's complaint, together with their successors in interest." Doc. 1, ¶ 13.

Plaintiff is not the only individual who has been subjected to the practices identified in the complaint. Indeed, Defendant is currently facing other lawsuits over such practices. Defendant did not create the form letters attached to the Complaint solely for Ms. Fegadel. Instead, these forms are sent repeatedly to many individuals. If those individuals received similar letters, they are part of the Class. Defendant's efforts to engage in gamesmanship and obstructionism are not well taken. Plaintiff respectfully requests that the Court compel Defendant to answer the question.

## INTERROGATORY NO. 21

Please identify any litigation or complaints made by or on behalf of debtors to Defendant relating to or involving collections of any amounts alleged to be due after a bankruptcy discharge.

**RESPONSE TO INTERROGATORY NO. 21**

Ocwen objects to this Interrogatory in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Ocwen also objects to this Interrogatory to the extent it is not limited in time or scope.

**ARGUMENT**

Defendant's objections are addressed above, Section I.  *See also* Response to Request to Produce No. 19, above.

**CONCLUSION**

Defendant has not produced one shred of Class discovery.   Defendant's meaningless responses are a delay tactic intended to increase the cost and burden on Plaintiff and Plaintiff's counsel while attempting to undermine Plaintiff's ability to support the forthcoming motion for Class certification.  This Court should require Defendant to turn over the requested information as set forth above.

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that the Court grant this Motion to Compel, order Defendant to produce the requested information and documents, award reasonable attorneys' fees and costs, and grant such further relief as the Court deems necessary and proper.

Dated:  September 17, 2016                    Respectfully Submitted,

**KYNES, MARKMAN & FELMAN, P.A.**          **CENTRONE & SHRADER, PLLC**
P.O. Box 3396                                 612 W. Bay Street
Tampa, Florida  33601                         Tampa, Florida 33606
Phone:  (813) 229-1118                        Phone:  (813) 360-1529
Fax:    (813) 221-6750                        Fax:     (813) 336-0832


/s/ Katherine Earle Yanes                    /s/ Gus M. Centrone
_____             _____
**KATHERINE EARLE YANES, ESQ.**              **BRIAN L. SHRADER, ESQ.**
Florida Bar. No. 658464                       Florida Bar No. 57251
e-mail: kyanes@kmf-law.com                    e-mail: bshrader@centroneshrader.com
                                              **GUS M. CENTRONE, ESQ.**
                                              Florida Bar No. 30151
                                              e-mail: gcentrone@centroneshrader.com
                                              **Attorneys for Plaintiff**


### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned hereby certifies that, pursuant to Middle District of Florida, Local Rule 3.01(g), counsel has conferred regarding the issues raised in this Motion.  Defendant opposes the relief requested, but the Parties are continuing to discuss the issues and may supplement responses, withdraw objections, or amend this motion in the future.


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2016, I presented a true and correct copy of the  foregoing to the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, for filing and uploading to the CM/ECF system.

                         /s/ Gus M. Centrone_____
                         Attorney

29