UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 8:15-CV-02228-EAK-JSS

LYNN FEGADEL,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

_____/

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S CLASS DISCOVERY REQUESTS TO PRODUCE**

Defendant, OCWEN LOAN SERVICING, LLC ("Defendant"), pursuant to the Federal Rules of Civil Procedure, and all other applicable rules and law, hereby objects and responds to Plaintiff's Class Discovery Requests (the "Requests"), and states as follows:

**GENERAL OBJECTIONS**

Defendant will produce documents, if any, subject to the general and specific objections set forth below, at a mutually convenient time and location. The following general objections are incorporated into Defendant's responses to each Request as if set forth therein.

1.    Defendant objects to these Requests to the extent they seek documents or information that is confidential or proprietary in nature, or that is protected by federal and/or state privacy laws. Defendant will produce such documents, if any, subject to the entry of an agreed upon confidentiality agreement or protective order properly limiting the use and disclosure of such documents.

1

2. Defendant objects to these Requests to the extent that they impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

3. Defendant objects to these Requests to the extent they seek information that is not relevant to the claims or defenses in this action, and thus are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to these Requests to the extent the documents requested are so broad, vague, unintelligible, or indefinite as to make it overly broad or unduly burdensome or impossible to determine what documents the Plaintiff is seeking to be produced.

5. Defendant objects to these Requests to the extent they seek information protected by the attorney-client privilege and/or the work product doctrine, or any other federal and/or state privacy laws.  Inadvertent production of any such document shall not constitute a waiver of any privilege or any other grounds for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein, and shall not waive Defendant's right to object to the use of any such document or the information contained therein during any subsequent proceeding.

6. Defendant objects to these Requests to the extent they attempt to require the Defendant to produce documents equally available to Plaintiff or their counsel.

7. Defendant objects to these Requests to the extent they seek documents that are not in Defendant's possession, custody or control.

8. Defendant objects to these Requests to the extent they seek documents that are not readily available and/or the associated costs to produce the requested documents is not economically feasible, and thus is unduly burdensome.

9. Defendant objects to Plaintiff's Definitions and Instructions Relating to Requested Documents as vague and unintelligible. Defendant further objects to Plaintiff's Definitions and Instructions Relating to Requested Documents as overly broad and unduly burdensome, because they impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendant will make reasonable efforts to respond to each item of the Requests, subject to the objections made, as Defendant understands and interprets the Request. If Defendant's interpretation of the Requests differs from Plaintiff's interpretation, Defendant reserves the right to supplement its objections, responses and document production.

10. Defendant's investigation in this litigation is ongoing and Defendant reserves the right to supplement, amend or correct all or any part of the objections and responses provided herein. To the extent that Defendant provides documents or information in response to these Requests, Defendant does not: (a) admit that such documents (or related documents) are properly discoverable; (b) waive any objection which might otherwise be made to such documents; or (c) admit that any such documents are admissible at trial.

## REQUESTS TO PRODUCE

Subject to its General Objections, which are incorporated as if set forth herein, Defendant hereby specifically responds to Plaintiff's Requests to Produce as follows:

1. All documents relating to the Alleged Debt.

**RESPONSE:**

**Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, relating to the Alleged Debt from May 20, 2015 forward, which is the date that Plaintiff allegedly obtained a bankruptcy discharge relating to the Alleged Debt.**

2.      All documents relating to Defendant's policies and procedures with respect to (1) attempted collection of debts; (2) contact with persons to attempt to collect debts; and (3) receipt and processing of incoming mail at each address mail is received by Defendant.

**RESPONSE:**

**Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, Defendant objects to the phrases "attempted collection of debts" and "attempt to collect debts" because Defendants did not act as a debt collector during the relevant time periods at issue, and any communications with Plaintiff were informational and were not attempts to collect a debt. Further, Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, regarding policies and procedures relating to processing and sending the communications sent to Plaintiff for loans that have been discharged in bankruptcy for the relevant time period at issue.**

3.      All documents, including but not limited to, all changes made over time to all versions of the statements attached to the Complaint as Exhibit B.

4

**RESPONSE:**

**Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, that are versions of Complaint, Exhibit B that were provided to Plaintiff after May 20, 2015, which is the date that Plaintiff allegedly obtained a bankruptcy discharge relating to the Alleged Debt.**

4. All documents relating to Defendant's procedures with respect to the operation, maintenance, and/or use of its telephone system used to make collection calls to Plaintiffs and/or automated telephone dialing system.

**RESPONSE:**

**Defendant objects to this Request in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. The Complaint does not raise any allegations or claims regarding Defendant's use of a telephone or automated telephone dialing system to communicate with the Plaintiff.**

5. All documents, including, but not limited to, records of communications, among and/or between Defendant and any debt collector related to the collection of the Alleged Debt.

**RESPONSE:**

**Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, Defendant objects to the term "debt collector" because Defendant did not act as a debt collector during the relevant time periods at issue, and any communications were informational and were not attempts to collect a debt. Defendant also objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Further, this request is vague and fails to identify the documents it**

5

**seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, from May 20, 2015 forward, relating to the Alleged Debt.**

6.  All documents, including, but not limited to, communications or agreements, between Defendant and anyone else, related to the collection of the Alleged Debt.

**RESPONSE:**

**Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, Defendant objects to the phrase "collection of the Alleged Debt" because Defendant did not act as a debt collector during the relevant time periods at issue, and any communications were informational and were not attempts to collect a debt. Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, from May 20, 2015 forward, relating to the Alleged Debt.**

7.  All documents relating to the creation and/or maintenance of procedures adopted by the Defendant to avoid any violation of the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, federal bankruptcy laws, and/or any state or federal law purporting to regulate consumer debt collection practices.

140383.03314/101915419v.4

**RESPONSE:**

**Defendant objects to this Request in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature.**

8. All documents relating to memoranda, reports, operation manuals, training manuals, instructions, guides, etc. used by Defendant as part of its debt collection efforts.

**RESPONSE:**

**Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, Defendant objects to the phrase "debt collection efforts" because Defendant did not act as a debt collector during the relevant time periods at issue, and any communications were informational and were not attempts to collect a debt. Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, relating to communications for loans that have been discharged in bankruptcy for the relevant time period at issue.**

9. All documents, including, but not limited to, books, instructions, guides, video tapes, audio tapes, and memoranda, relating to training by or for Defendant employees regarding the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, federal bankruptcy laws, and/or any state or federal law purporting to regulate consumer debt collection practices.

7

**RESPONSE:**

**Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, relating to training for the FCCPA, and for loans that have been discharged in bankruptcy for the relevant time period at issue.**

10. Any insurance policies covering Defendant for violation of the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, bankruptcy sanctions, and/or any state law purporting to regulate consumer debt collection practices.

**RESPONSE:**

**Defendant objects to this Request in its entirety because it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant further responds that there are no documents responsive to this Request.**

11. All exhibits which Defendant proposes to, or has reason to believe it may, introduce at trial.

**RESPONSE:**

**Defendant objects to this Request because it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Pursuant to the operative Case Management Report, exhibit lists are not due until August 25, 2017.**

8

12. All documents, including, but not limited to, correspondence, notices, statements, etc., relating to the collection of the Alleged Debt of Plaintiffs.

**RESPONSE:**

**Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, Defendant objects to the phrase "collection of the Alleged Debt" because Defendant did not act as a debt collector during the relevant time periods at issue, and any communications were informational and were not attempts to collect a debt. Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, relating to the Alleged Debt from May 20, 2015 forward.**

13. All documents relating to scripts or pre-written language used by Defendant as part of its debt collection efforts.

**RESPONSE:**

**Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. More specifically, Defendant objects to the phrase "debt collection efforts" because Defendant did not act as a debt collector during the relevant time periods at issue, and any communications were informational and were not attempts to collect a debt. Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, regarding scripts or language to be used relating to loans that have been discharged in bankruptcy for the relevant time period at issue.**

14.     All documents, including, but not limited to, audio tapes and/or transcripts, relating to telephone conversations between Plaintiff and Defendant.

**RESPONSE:**

**Defendant objects to this Request in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. The Complaint does not raise any allegations or claims regarding Defendant's use of a telephone to communicate with the Plaintiff.**

15.     All documents, including, but not limited to, audio tapes and/or transcripts, relating to attempted calls to telephone numbers believed to belong to or are associated with Plaintiffs.

140383.03314/101915419v.4

**RESPONSE:**

**Defendant objects to this Request in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. The Complaint does not raise any allegations or claims regarding Defendant's use of a telephone to communicate with the Plaintiff.**

16. All documents, including, but not limited to, lists, logs, reports, charts, spreadsheets, etc., purporting to reflect the content, local time, date, and length of contacts any and all telephone calls or attempted telephone calls made by Defendant to Plaintiff, together with the meanings of all codes used in any contact logs or listings regarding collection of the Alleged Debt.

**RESPONSE:**

**Defendant objects to this Request in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. The Complaint does not raise any allegations or claims regarding Defendant's use of a telephone to communicate with the Plaintiff.**

17. All documents demonstrating how Defendant tracks, logs, and records, the details, including, but not limited to, local time, date, and length of telephone calls made to consumers.

140383.03314/101915419v.4

**RESPONSE:**

**Defendant objects to this Request in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request to the extent it seeks documents that are confidential or proprietary in nature. The Complaint does not raise any allegations or claims regarding Defendant's use of a telephone to communicate with the Plaintiff.**

18.     All documents, including, but not limited to, account notes and memorialization of oral and/or written communication with Plaintiffs.

**RESPONSE:**

**Defendant objects to this Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Request to the extent that it seeks "all" requested documents, and therefore is overly broad and unduly burdensome, and not reasonably related to the claims or defenses in this action. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Further, this request is vague and fails to identify the documents it seeks with any reasonable particularity. Subject to and without waiving the foregoing objections, and upon the entry of an agreed upon confidentiality agreement or protective order, Defendant will produce non-privileged, responsive documents, if any, relating to the Alleged Debt from May 20, 2015 forward, including account notes and logs.**

19.     All documents related to any litigation or complaints made by or on behalf of debtors to Defendant relating to or involving collections of any amounts alleged to be due after a bankruptcy discharge.

**RESPONSE:**

**Defendant objects to this Request in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.**

140383.03314/101915419v.4

Dated: March 4, 2016.

By: */s/ Paul J. Sodhi*
Paul J. Sodhi
Florida Bar No. 42353
Blank Rome LLP
500 E. Broward Boulevard, Suite 2100
Fort Lauderdale, FL  33394
954-512-1812
PSodhi@BlankRome.com
Bocaeservice@BlankRome.com
-   And  -
By: */s/ Joseph Culleiton*
E-mail: JCulleiton@BlankRome.com
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email to Katherine Earle Yanes at kyanes@kmf-law.com, Gus M. Centrone at Gcentrone@centroneshrader.com, and Brian L. Shrader at BShrader@CentroneShrader.com.

*/s/ Paul J. Sodhi*
Paul J. Sodhi
Florida Bar No. 42353
PSodhi@BlankRome.com

13

140383.03314/101915419v.4