UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 8:15-CV-02228-EAK-JSS

LYNN FEGADEL,

     Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

     Defendant.

_____/

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S CLASS DISCOVERY INTERROGATORIES

Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen" or "Defendant"), pursuant to the Federal Rules of Civil Procedure, and all other applicable law, hereby objects and responds to Plaintiff's Class Discovery Interrogatories, (the "Interrogatories"), and states as follows:

## GENERAL OBJECTIONS

1.     Ocwen incorporates by reference each and every General Objection set forth below into each and every specific response. From time to time, a specific response may repeat a General Objection for emphasis or some other reason. The failure to repeat any General Objection in any specific response shall not be interpreted as a waiver of any General Objection to that response.

2.     To the extent that any response is provided, that response will be provided subject to any stated objection.

3.     Ocwen's objections and responses are based upon information and writings available to Ocwen and its attorneys as of service of these responses. The information supplied is based only on such information and documents which are reasonably available and specifically known to Ocwen and its attorneys as of the date of service of its response. Therefore, Ocwen's

1

objections and responses are without prejudice to its right to supplement and/or amend its objections and responses and to present evidence discovered hereafter.

4.      Ocwen objects to each and every Interrogatory to the extent that such Interrogatory purports, through definitions or otherwise, to impose burdens and duties that exceed the scope of reasonable and permissible discovery pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

5.      Ocwen objects to each and every Interrogatory to the extent that such Interrogatory seeks information protected by the attorney-client privilege, work product, and any other applicable law, privilege, protection or doctrine.  Ocwen will not respond to such Interrogatories. The production of any privileged information by Ocwen is unintentional, and Ocwen does not intend to waive any applicable objection or privilege as a result of such production.

6.      Ocwen objects to each and every Interrogatory to the extent such Interrogatory seeks information that is already in Plaintiff's possession, in the public domain, or is as equally available to Plaintiff as it is to Ocwen.

7.      Ocwen objects to each and every Interrogatory to the extent that it seeks disclosure of any information previously made available to Plaintiff in this litigation, including information contained in Ocwen's documents produced in this litigation.

8.      Ocwen objects to each and every Interrogatory to the extent such Interrogatory seeks information not relevant to the subject matter of the pending action and/or not reasonably calculated to lead to the discovery of admissible evidence.

9.      Ocwen objects to each and every Interrogatory to the extent that Plaintiff has not indicated a relevant time period.

140383.03314/101948646v.5

10.     Ocwen objects to each and every Interrogatory to the extent that it is vague, ambiguous and/or unintelligible.

11.     Ocwen objects to each and every Interrogatory to the extent such Interrogatory fails to describe the information sought with a reasonable degree of specificity.  Ocwen shall attempt to construe the terms and phrases used by Plaintiff in a way to give those terms and phrases a meaning which will result in the production of relevant information or information designed to lead to the discovery of admissible evidence.

12.     Ocwen objects to each and every Interrogatory to the extent such Interrogatory is overly broad, oppressive, duplicative, or constitutes an abuse of process.

13.     Ocwen objects to each and every Interrogatory to the extent that such Interrogatory is unduly burdensome in light of the cost necessary to investigate as weighed against Plaintiff's need for the information.

14.     Ocwen objects to each and every Interrogatory to the extent that such Interrogatory seeks confidential and proprietary information without any showing of need.

15.     Without waiving any of the General Objections, each of which is expressly incorporated into each individual response as if fully stated therein, Ocwen responds to the specific Interrogatories subject to the following additional express reservations of rights:

(a)     The right to object on any ground whatsoever to the admission into evidence or other use of any of the information given in response to Plaintiff's Interrogatories at the trial of this matter, arbitration, mediation or any other proceeding in this matter or in any other action;

3

(b)     The right to object on any ground whatsoever at any time to any demand for further responses to the Interrogatories or any other discovery procedures involving or relating to the subject matter of Plaintiff's Interrogatories; and

(c)     The right to produce additional information in response to these Interrogatories, or otherwise to revise or explain the information contained in the responses to these Interrogatories, in light of information gathered through further investigation and discovery.

17.     The foregoing are referred to collectively as the "General Objections."

Subject to and without waiving the foregoing General Objections, Defendant responds to the Interrogatories as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

1.     Please state the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.  If multiple individuals provide information used to answer these Interrogatories, please identify the Interrogatories for which each individual contributed information.

> **RESPONSE:** Unless otherwise noted, Ocwen's responses to these Interrogatories are based upon a review of those documents and records that are in Ocwen's possession, custody or control, and not upon the personal knowledge of any particular witness. Subject to the foregoing, the undersigned Ocwen employee verified these Responses, with assistance from counsel.

2.     Please identify the date, time, type (e.g., letter, telephone call), witnesses to or participants in, and the substance of each contact or attempted contact with Plaintiff after February 11, 2015, made in connection with the collection of the Alleged Debt, and describe all

140383.03314/101948646v.5

documentation (copies of letters, account notes, audio recordings) that exist relating to each contact or attempted contact.

> **RESPONSE:** Ocwen objects to this Interrogatory on the grounds that it is overly broad and/or oppressive. Ocwen also objects to this Interrogatory on the basis that the information is equally available to Plaintiff. Ocwen objects to this Interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence in that it seeks communications prior to May 20, 2015, which is the date that Plaintiff allegedly received her bankruptcy discharge order. Moreover, Ocwen further objects to this Interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information made "in connection with the collection of the Alleged Debt" and Ocwen did not act as a debt collector in regard to Plaintiff during the relevant time periods at issue, and thus any communications were informational and were not attempts to collect a debt. Further, Ocwen objects to this Interrogatory to the extent that it seeks information regarding oral communications, *e.g.*, telephone calls, audio recordings, because Plaintiff's Complaint does not raise any allegations or claims regarding Defendant's use of a telephone or any telephone communications with the Plaintiff. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that there are no such contacts or attempted contacts with Plaintiff during the relevant time period made "in connection with the collection of the Alleged Debt."

3.      Please identify the date, time, type (e.g., letter, telephone call), witnesses to or participants in, and the substance of each contact or attempted contact with a person other than Plaintiff after February 11, 2015, made in connection with the collection of the Alleged Debt, and state whether an audio recording exists of the item.

**RESPONSE:**  Ocwen objects to this Interrogatory on the grounds that it is overly broad and/or oppressive.  Ocwen objects to this Interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence in that it seeks communications prior to May 20, 2015, which is the date that Plaintiff allegedly received her bankruptcy discharge order.  Moreover, Ocwen further objects to this Interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information made "in connection with the collection of the Alleged Debt" and Ocwen did not act as a debt collector in regard to Plaintiff during the relevant time periods at issue, and thus any communications were informational and were not attempts to collect a debt.  Further, Ocwen objects to this Interrogatory to the extent that it seeks information regarding telephone calls and audio recordings because Plaintiff's Complaint does not raise any allegations or claims regarding Defendant's use of a telephone or any telephone communications with the Plaintiff. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that there are no such contacts or attempted contacts with persons other than Plaintiff made "in connection with the collection of the Alleged Debt."

4.      Describe all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, federal bankruptcy laws, and/or any other state or federal law purporting to regulate consumer debt collection activities.

**RESPONSE:**  Ocwen objects to this Interrogatory in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  More specifically, this Interrogatory seeks information on procedures utilized in connection with "consumer debt collection activities"; however, Ocwen did not act as a debt collector during the relevant time periods at issue in regard to the allegations raised in Plaintiff's Complaint.  Ocwen also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Further, Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it requests procedures regarding all state and federal laws purporting to regulate consumer debt collection, many of which are not even at issue in this case.  Further, Ocwen objects that this Interrogatory is not limited in time or scope, and fails to identify any specific provisions of the referenced laws that it describes, and as such, the Interrogatory is vague and ambiguous.

5.      Describe all policies and procedures utilized by Defendant when a debtor who owes money to Defendant or Defendant's principal files for bankruptcy protection or obtains a discharge

of a debt from the bankruptcy court, including without limitation, policies and procedures utilized

by Defendant to avoid continuing to contact debtors after a bankruptcy or discharge.

> **RESPONSE:**  Ocwen objects to this Interrogatory to the extent that it is duplicative of Interrogatory 4, and restates and incorporates its response to Interrogatory 4 herein. Ocwen further objects to this Interrogatory to the extent that it seeks information relating to policies and procedures relating to borrowers that file for bankruptcy protection, but that have not obtained a discharge of debt, because Plaintiff's Complaint does not raise any allegations or claims regarding such borrowers.  Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that it has produced or will produce the relevant documents.

6.     With respect to the training of persons involved in the collection of the Alleged

Debt, please describe the training content, timing, duration, all documents and audio or visual

materials used in such training, and identify each person involved in such training.

> **RESPONSE:**  Ocwen objects to this Interrogatory in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  More specifically, this Interrogatory seeks information on trainings involved "in the collection of the Alleged Debt"; however, Ocwen did not act as a debt collector in regard to Plaintiff during the relevant time periods at issue.  Further, Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it does not limit the information requested to the type of claims at issue in this case.  Further, Ocwen objects that this Interrogatory is not limited in time or scope.  Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that there were no individuals involved in any alleged "collection of the Alleged Debt" because Ocwen did not act as a debt collector during the relevant time periods at issue.

7.     Please describe fully any system(s) Defendant maintains or operates to record,

track, log, and/or select contacts (e.g. letter, telephone call) with debtors in connection with the

collection of consumer accounts, and Defendant's policies for operating such a system.

**RESPONSE:**  Ocwen objects to this Interrogatory in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence.   More specifically, this Interrogatory seeks information on systems that Ocwen maintains or operates to use "in connection with the collection of consumer accounts"; however, Ocwen did not act as a debt collector during the relevant time periods at issue in regard to the allegations raised in Plaintiff's Complaint.  Ocwen also objects to this Interrogatory to the extent it is not limited in time or scope.  Further, Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it requests information regarding all debtors, and is not limited to Plaintiff or even the alleged proposed class.  Further, Ocwen objects to this Interrogatory as the requested information is confidential and proprietary information.

8.      Please identify any documents that describe or establish Defendant's methods and techniques to collect, record, track, or log the collection of debts and identify all internal codes, abbreviations, and shorthand used in memorialization of oral communication or written communication with debtors that may appear in your records.

**RESPONSE:**  Ocwen objects to this Interrogatory in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence.   More specifically, this Interrogatory seeks information on methods and techniques to "collect, record, track, or log the collection of debts"; however, Ocwen did not act as a debt collector during the relevant time periods at issue in regard to the allegations raised in Plaintiff's Complaint. Ocwen also objects to this Interrogatory to the extent it is not limited in time or scope. Further, Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it requests information regarding all debtors, and is not limited to Plaintiff or even the alleged proposed class.  Further, Ocwen objects to this Interrogatory as the requested information is confidential and proprietary information.

9.      Please identify all individuals within Defendant's organization (including outside vendors) responsible for establishing any system that Defendant uses to in any way identify debtors who have filed for bankruptcy and/or obtained a bankruptcy discharge.

**RESPONSE:**  Ocwen objects to this Interrogatory in that it seeks information that is not relevant to the claims or defenses in this action because the persons that establish any relevant systems used by Ocwen, as opposed to the systems themselves, are not likely to lead to the discovery of admissible evidence.  Ocwen objects to this Interrogatory to the extent that it seeks information relating to debtors that have filed for bankruptcy protection, but that have not obtained a discharge of debt, because Plaintiff's Complaint does not raise any allegations or claims regarding such debtors.  Ocwen also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.  Further, Ocwen objects that this Interrogatory is not limited in time or scope.  Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that it has produced or will produce the relevant documents that describe the relevant system(s).

10.     Please identify all individuals within the Middle District of Florida that Defendant identifies as having filed bankruptcy naming Defendant or Defendant's principal as a creditor within the six year prior to the filing of the Complaint in this matter, including their name, address, and telephone number.

**RESPONSE:**  Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it seeks information beyond the relevant statutes of limitation.  Ocwen further objects to this Interrogatory to the extent that it seeks information relating to persons that filed for bankruptcy protection, but have not obtained a discharge of debt, because Plaintiff's Complaint does not raise any allegations or claims regarding such persons.  Ocwen further objects to this Interrogatory as it seeks information that is publicly available and accessible to Plaintiff.  Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety.  This request seeks class related discovery that is premature at this time.

11.     Please identify all individuals within the Middle District of Florida that Defendant identifies as having filed bankruptcy naming Defendant or Defendant's principal as a creditor and obtained a bankruptcy discharge within the six years before the date the Complaint was filed, including their name, address, and telephone number.

140383.03314/101948646v.5

**RESPONSE:** Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it seeks information beyond the relevant statutes of limitation. Ocwen further objects to this Interrogatory as it seeks information that is publicly available and accessible to Plaintiff. Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety. This request seeks class related discovery that is premature at this time.

12.     Please identify all individuals within the Middle District of Florida that Defendant identifies as having filed bankruptcy naming Defendant or Defendant's principal as a creditor and obtained a bankruptcy discharge who were represented by an attorney, including their name, address, and telephone number, and the name and address of the attorney.

**RESPONSE:** Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it is not limited in time by the relevant statutes of limitation. Ocwen further objects to this Interrogatory as it seeks information that is publicly available and accessible to Plaintiff. Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety. This request seeks class related discovery that is premature at this time.

13.     Please identify all individuals within the Middle District of Florida that Defendant identifies as having filed bankruptcy naming Defendant or Defendant's principal as a creditor and obtained a bankruptcy discharge and received any communications from Defendant after having obtained said bankruptcy discharge. Such communications include, but are not limited to, billing statements, letters or other written correspondence requesting payment in any way, and telephone calls requesting payments.

140383.03314/101948646v.5

**RESPONSE:**   Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it is not limited in time by the relevant statutes of limitation. Further, Ocwen objects to this Interrogatory to the extent that it seeks information regarding telephone calls because Plaintiff's Complaint does not raise any allegations or claims regarding Defendant's use of a telephone or any telephone communications with the Plaintiff.  Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety.  This request seeks class related discovery that is premature at this time.

14.    Please identify the beginning and ending dates for the period during which Defendant sent out statements to consumers other than Plaintiff in substantially the same form as those attached to the Complaint as Exhibit B.

**RESPONSE:**   Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it is not limited in time by the relevant statutes of limitation. Further, Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in that it requests information regarding all consumers that may have received Complaint, Exhibit B, and is not limited to Plaintiff or even to similarly situated consumers.  Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety.  This request seeks class related discovery that is premature at this time.  Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that it has produced, or will produce, all document that are versions of Complaint, Exhibit B that were provided to Plaintiff after May 20, 2015, which is the date that Plaintiff allegedly obtained her bankruptcy discharge order.

15.    Please calculate and provide all amounts collected from all individuals within the Middle District of Florida that Defendant identifies as having filed bankruptcy naming Defendant as a creditor and obtained a bankruptcy discharge after debts owed by those individuals were discharged in bankruptcy.

140383.03314/101948646v.5

**RESPONSE:**  Ocwen objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome as it is not limited in time by the relevant statutes of limitation. Further, Ocwen objects that this Interrogatory is vague and ambiguous as to the information it seeks in that it does not discuss or exempt individuals that may have reaffirmed their debt and/or those individuals that may be voluntarily repaying their debt despite any such discharge.  Additionally, Ocwen objects to this Interrogatory because it requires Ocwen to undertake an analysis that would be unduly burdensome.  Ocwen further objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety.  This request seeks class related discovery that is premature at this time.

16.    How many members does Defendant contend the Proposed Class as defined contains?

**RESPONSE:**  Ocwen objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's claims in their entirety.  This request seeks class related discovery that is premature at this time. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that this matter is not appropriate for class treatment and, therefore, there would be zero members of any Proposed Class as pled by Plaintiff.

17.    What questions of law or fact does Defendant contend are not common to the Proposed Class?

**RESPONSE:**  Ocwen objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's class claims in their entirety.  Ocwen also objects to this Interrogatory to the extent that it seeks a legal conclusion.  Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that its investigation is ongoing and discovery has just commenced.  Pursuant to the Court's 12/11/15 Order, if Plaintiff moves for class certification, Ocwen's opposition is not due until 8/26/15, at which time Ocwen will supplement this response, if appropriate, and timely and properly set forth any and all arguments in opposition to class certification.

18.    In what respect does Defendant contend Plaintiff's claims are not typical of those of the Proposed Class?

140383.03314/101948646v.5

**RESPONSE:** Ocwen objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's class claims in their entirety. Ocwen also objects to this Interrogatory to the extent that it seeks a legal conclusion. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that its investigation is ongoing and discovery has just commenced. Pursuant to the Court's 12/11/15 Order, if Plaintiff moves for class certification, Ocwen's opposition is not due until 8/26/15, at which time Ocwen will supplement this response, if appropriate, and timely and properly set forth any and all arguments in opposition to class certification.

19.     In what respect does Defendant contend that Ms. Fegadel is not an adequate class representative?

**RESPONSE:** Ocwen objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's class claims in their entirety. Ocwen also objects to this Interrogatory to the extent that it seeks a legal conclusion. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that its investigation is ongoing and discovery has just commenced. Pursuant to the Court's 12/11/15 Order, if Plaintiff moves for class certification, Ocwen's opposition is not due until 8/26/15, by which time Ocwen will supplement this response, if appropriate, and timely and properly set forth any and all arguments in opposition to class certification.

20.     On what basis does Defendant contend Plaintiff's counsel cannot, will not, or do not adequately represent the Proposed Class?

**RESPONSE:** Ocwen objects to this Interrogatory as premature in light of Ocwen's Motion to Dismiss, the resolution of which may dispose of Plaintiff's class claims in their entirety. Ocwen also objects to this Interrogatory to the extent that it seeks a legal conclusion. Subject to and without waiving the foregoing Specific Objections and Responses, the General Objections and Limitations, and any objection that may be raised at the time of trial, Ocwen answers that its investigation is ongoing and discovery has just commenced. Pursuant to the Court's 12/11/15 Order, if Plaintiff moves for class certification, Ocwen's opposition is not due until 8/26/15, by which time Ocwen will supplement this response, if appropriate, and timely and properly set forth any and all arguments in opposition to class certification.

21.     Please identify any litigation or complaints made by or on behalf of debtors to Defendant relating to or involving collections of any amounts alleged to be due after a bankruptcy discharge.

> **RESPONSE:**  Ocwen objects to this Interrogatory in its entirety in that it seeks information that is not relevant to the claims or defenses in this action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  Ocwen also objects to this Interrogatory to the extent it is not limited in time or scope.

22.     If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denials.

> **RESPONSE:**  Ocwen objects to this Interrogatory on the ground that it seeks discovery beyond that which is required by the Federal Rules of Civil Procedure and Local Civil Rules regarding discovery.  Ocwen's responses and objections to Plaintiff's Requests for Admission have been separately provided and speak for themselves.  Ocwen further objects to this Interrogatory on the grounds that it constitutes more than four subparts and interrogatories and thereby exceeds the permissible number of interrogatories permissible under Fed. R. Civ. P. 33.

140383.03314/101948646v.5

By: _____

Authorized representative of
OCWEN LOAN SERVICING, LLC

Print: _____

Title: _____

Date: _____

## **CERTIFICATION**

STATE OF _____
COUNTY OF _____

BEFORE ME personally appeared _____, to me well known and known to me to be the person described in and who executed the foregoing instrument, and who is (are) personally known to me or has produced _____ as identification and who did take an oath, and swears that he/she has read the responses to the *Plaintiff's Class Discovery Interrogatories*, and that the same is true and correct.

WITNESS my hand and official seal, this ___ day of _____, 2016.


Notary Public, State of _____
Printed Name: _____
My commission expires: _____


    Dated: This ___ day of _____, 2016

15

140383.03314/101948646v.5

Dated:  March 11, 2016.

By: */s/ Paul J. Sodhi*
Paul J. Sodhi
Florida Bar No. 42353
Blank Rome LLP
500 E. Broward Boulevard, Suite 2100
Fort Lauderdale, FL  33394
954-512-1812
PSodhi@BlankRome.com
Bocaeservice@BlankRome.com
-   And  -
By: */s/ Joseph Culleiton*
E-mail: JCulleiton@BlankRome.com
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email to Katherine Earle Yanes at kyanes@kmf-law.com, Gus M. Centrone at Gcentrone@centroneshrader.com, and Brian L. Shrader at BShrader@CentroneShrader.com.

*/s/ Paul J. Sodhi*
Paul J. Sodhi
Florida Bar No. 42353
PSodhi@BlankRome.com

140383.03314/101948646v.5