UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN FEGADEL,

     Plaintiff,

v.                                    Case No: 8:15-cv-2228-T-17JSS

OCWEN LOAN SERVICING, LLC,

     Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Plaintiff's Motion to Compel Discovery ("Motion"). (Dkt. 33.)  Defendant opposes the Motion. (Dkt. 36.)  For the reasons that follow, the Motion is granted in part and denied in part.

## BACKGROUND

In September 2015, Plaintiff filed a class action complaint against Defendant, alleging that Defendant violated the Florida Consumer Collections Practices Act ("FCCPA") and a bankruptcy court discharge order by continuing to attempt to collect a debt from Plaintiff despite having knowledge that the debt was discharged in Plaintiff's bankruptcy. (Dkt. 1.)  Plaintiff brings the class action "on her own behalf and on behalf of all other similarly-situated consumers who received a discharge in bankruptcy within the United States Bankruptcy Court for the Middle District of Florida who have been subjected to Defendant's practices . . . within two (2) years of the date of Plaintiff's complaint, together with their successors in interest" ("Proposed Class"). (Dkt. 1 ¶ 13.)

In Count I, Plaintiff alleges that Defendant violated certain sections of the FCCPA by (1) willfully communicating with Plaintiff with such frequency or in other ways that can reasonably

be expected to be harassing or abusive, (2) attempting to collect a debt from Plaintiff that Defendant knows is not legitimate or assert a legal right against Plaintiff that Defendant knows does not exist, and (3) communicating with Plaintiff when Defendant knew she was represented by an attorney.  (Dkt. 1 ¶¶ 61–69.)  In Count II, Plaintiff alleges that the discharge order entered by the bankruptcy court in Plaintiff's bankruptcy included a discharge of Plaintiff's *in personam* liability for Plaintiff's debt to Defendant and, despite Defendant's knowledge of this order, Defendant attempted to collect the discharged debt from Plaintiff.  (Dkt. 1 ¶¶ 70–78.)  In its answer, Defendant raised several affirmative defenses, including that its communications with Plaintiff were not attempts to collect a debt and that its "alleged conduct was the result of a bona fide error despite established procedures that it has in place to avoid such errors."  (Dkt. 29.)

## APPLICABLE STANDARDS

Courts maintain great discretion to regulate discovery.  *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).  The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1306 (11th Cir. 2011).  Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Courts consider the following factors when evaluating whether requested discovery is proportional to the needs of the case: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*

Regarding class actions, "Rule 23 establishes the legal roadmap courts must follow when determining whether class certification is appropriate."  *Valley Drug Co. v. Geneva Pharm., Inc*.,

350 F.3d 1181, 1187 (11th Cir. 2003).  Pursuant to Rule 23(a), a class may be certified only if (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims or defenses of the representatives are typical of the claims and defenses of the unnamed members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly.  Fed. R. Civ. P. 23(a).

In cases in which a plaintiff seeks to bring claims on behalf of a class of claimants, "[t]o make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue."  *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992).  Permitting class certification discovery is within the broad discretion of the court.  *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (internal quotations omitted) (explaining that "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action").

## ANALYSIS

In this case, the deadline for class certification discovery was June 1, 2016, and the deadline for discovery on the merits is April 3, 2017.  (Dkt. 21.)  Plaintiff's motion for class certification is due by December 20, 2016.  (Dkt. 31.)  The discovery requests at issue in the Motion are Plaintiff's requests related to Plaintiff's class certification and other allegations that Plaintiff served on Defendant in December 2015.   (Dkt. 33-1.)   Defendant served objections and responses to Plaintiff's discovery requests.   (Dkts. 33-2, 33-3.)   Thereafter, Defendant produced some responsive documents, but did not provide a privilege log identifying the documents it withheld on the assertion of a privilege.  (Dkt. 33 ¶ 7; Dkt. 33-4.)

In the Motion, Plaintiff contends that the documents Defendant produced "relate to the Plaintiff individually and do not address any class claim issues" and, thus, Plaintiff contends that

it has "no usable discovery from Defendant to support a motion for class certification." (Dkt. 33 ¶¶ 7–9.) Therefore, Plaintiff seeks an order compelling Defendant to provide responses to certain of its requests for production and interrogatories, specifically Requests for Production numbers 2, 3, 7, 8, 9, and 19, and Interrogatories 4 through 16 and 21. (Dkt. 33.)

In response, Defendant argues that the Motion "is premature" because the parties have and continue to confer in good faith attempts to resolve the discovery disputes raised in the Motion. (Dkt. 36.) Specifically, Defendant states that it is "in the process" of producing documents responsive to Plaintiff's discovery requests, including Defendant's "policies and procedures" relevant to Plaintiff's allegations and a list of loans it services in the Middle District that "are identified within [Defendant's] systems as the loans that may have received post-Chapter 7 bankruptcy discharge communications," which is relevant to Plaintiff's class allegations. (Dkt. 36 at 2.) However, Defendant contends that its "records are not maintained in a way that the details of any and all post-discharge communications, if any were sent, could be reviewed and analyzed, short of performing a complete review of each Chapter 7 bankruptcy loan file." (Dkt. 36 at 2.) This discovery, Defendant argues, is based on the facts and circumstances of each debtor and, thus, "[s]uch individualized discovery is premature prior to a decision on class certification." (Dkt. 36 at 2.)

## A.    Production Requests 2, 7, 8, and 9 and Interrogatories 4 through 9

Production Requests 2, 7, 8, and 9, and Interrogatories 4 through 9 seek discovery related to Defendant's policies, procedures, and training regarding the lawful collection of debt. (Dkt. 33-1.)

Specifically, Production Request 2 seeks "all documents" relating to Defendant's policies and procedures regarding (2) attempted collection of debts, (2) contact with people in attempts to

collect debt, and (3) receipt and processing of incoming mail; Production Request 7 seeks "all documents" relating to Defendant's creation and maintenance of procedures regarding avoiding violations of the Fair Debt Collection Practices Act ("FDCPA"), the FCCPA, federal bankruptcy laws, and any state or federal law regulating consumer debt collection practices; Production Request 8 seeks "all documents" used by Defendant in its debt collection efforts, e.g., memoranda, manuals, instructions, and guides; and Production Request 9 seeks "all documents" used by Defendant to train employees regarding the FDCPA, the FCCPA, federal bankruptcy laws, and any state or federal law regulating consumer debt collection practices.  (Dkt. 33-1.)

Similarly, Interrogatory 4 seeks a description of Defendant's procedures to avoid violations of the FDCPA, the FCCPA, federal bankruptcy laws, and any state or federal laws regulating consumer debt collection practices; Interrogatory 5 seeks a description of Defendant's policies and procedures for when a debtor files bankruptcy or obtains a bankruptcy discharge, including Defendant's policies of continuing to contact the debtor post-bankruptcy or discharge; Interrogatory 6 seeks a description of the training of persons involved in the collection of alleged debts, "all documents and audio or visual materials" used in such training, and a list of each person involved in such training; Interrogatory 7 seeks a description of any system(s) Defendant maintains to track communications with debtors in connection with the collection of consumers' accounts, including Defendant's policies for operating such a system; Interrogatory 8 requests Defendant to identify documents used to track Defendant's methods used in collecting debt and all internal codes, abbreviations, etc., used to memorialize communications with debtors as kept in Defendant's records; and Interrogatory 9 requests Defendant to identify individuals responsible for establishing a system that Defendant uses to identify debtors who have filed for bankruptcy and/or obtained a bankruptcy discharge.  (Dkt. 33-1.)

These discovery requests are relevant to Plaintiff's allegations that Defendant violated the FCCPA and the bankruptcy discharge order by continuing to attempt to collect a debt from Plaintiff despite having knowledge of Plaintiff's bankruptcy discharge as well as Plaintiff's allegations that Defendant failed to implement effective policies to ensure compliance with the FCCPA and bankruptcy laws.  (Dkt. 1 ¶¶ 57–78.)  The requests are also relevant to Defendant's affirmative defense that Defendant's "alleged conduct was the result of a bona fide error despite established procedures that it has in place to avoid such errors" (Dkt. 29 at 14).  *See Drossin v. Nat'l Action Fin. Servs., Inc.*, No. 07-61873-CIV, 2008 WL 5381815, at *6 (S.D. Fla. Dec. 19, 2008) (ordering, in a case alleging violations of the FDCPA and FCCPA, the production of "any written documentation of its policies and procedures to be used by employees of Defendant with respect to collecting debts").  Further, the policies, procedures, and training Defendant provides to its employees and agents are relevant to Plaintiff's allegations of Defendant's, through its employees and agents, "willful" or "knowing" violations of the FCCPA and the discharge order (Dkt. 1 ¶¶ 64–65, 73–76).  *See Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1044–45 (D. Minn. 2010) (holding that "information about what [defendant's] procedures required it to do to avoid violating the TCPA is relevant to whether [defendant's] TCPA violation was knowing or reckless").

However, as Defendant argues, Production Requests 7, 8, and 9 and Interrogatories 4 and 6 are overly broad because, although they request documents relating to Defendant's procedures regarding avoiding violations of the FCCPA, they also request Defendant's procedures regarding the FDCPA and any federal or state consumer collection laws.  (Dkt. 36 at 6.)  Plaintiff's claims, however, are that Defendant violated the FCCPA and a bankruptcy court's discharge order.  (Dkt. 1.)  Plaintiff argues, however, that "entities like Defendant typically do not have a separate set of

collection policies for compliance with each individual state law," but instead "have a general set of policies and typically refer to the FDCPA in a generic sense to refer to all their collection policies." (Dkt. 33 at 13.)

Accordingly, the Motion is granted as to Production Requests 2, 7, 8, and 9, and Interrogatories 4 through 9, except as limited in the three following ways. First, the Court limits Defendant's production in response to Production Requests 7, 8, and 9 and responses to Interrogatories 4 and 6 to discovery regarding Defendant's policies, procedures, and training materials regarding the collection of debt in relation to its collection practices in the state of Florida, the FCCPA, and the federal bankruptcy laws. Second, the Court limits Defendant's response in response to Interrogatory 5 to a description of Defendant's policies and procedures for when a debtor obtains a discharge of debt. This is because, as Defendant contends (Dkt. 33-1), Plaintiff alleges that Defendant attempted to collect a debt after Plaintiff received a bankruptcy discharge, but does not bring suit based on Defendant's alleged attempts to collect a debt after Plaintiff filed bankruptcy. (Dkt. 1.) Thus, the request in Interrogatory 5 for Defendant's policies and procedures for when a debtor files for bankruptcy protection is irrelevant to Plaintiff's claims and, thus, outside the scope of discovery. Finally, the Court limits Defendant's production and responses to materials created and/or in effect within two years of the date Plaintiff filed the complaint, which was September 24, 2015, because that is the time scope of the Proposed Class. (Dkt. 1 ¶ 13.)

To the extent Defendant raised objections as to the confidential or proprietary nature of this discovery, Plaintiff states that the parties have entered into a confidentiality agreement governing the use of such discovery. (Dkt. 33 at 10.) Further, to the extent Defendant withholds any responsive materials on the basis of the attorney-client privilege or work production

protection, Defendant shall serve a privilege log "describ[ing] the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii); M.D. Discovery Handbook § VI.A.1.

### B.      Interrogatories 10 through 13, 15, and 16

Plaintiff argues that Interrogatories 10 through 13 are relevant and "crucial" to Plaintiff's determining the size of the Proposed Class and identifying class members.  (Dkt. 33 at 21.) Interrogatory 10 requests that Defendant identify all individuals in the Middle District of Florida who Defendant "identifies as having filed bankruptcy naming Defendant or Defendant's principal as a creditor" within six years of Plaintiff's filing the complaint.  (Dkt. 33-1.)  Interrogatory 11 is identical to Interrogatory 10, except it adds that the individual received a bankruptcy discharge. Further, Interrogatory 13 is identical to Interrogatory 11, except that it adds that the individual "received any communication from Defendant after having obtained said bankruptcy discharge." (Dkt. 33-1.)

Defendant argues that Interrogatory 10 is overly broad and seeks irrelevant information because it is not limited to individuals who received a bankruptcy discharge (Dkt. 33-3; Dkt. 36 at 7) and objects to Interrogatory 11 as overly broad and unduly burdensome.  The Court agrees with Defendant as to Interrogatories 10 and 11.  Plaintiff's alleges that Defendant improperly continued to attempt to collect a debt from Plaintiff despite Defendant's knowledge that the debt was discharged in bankruptcy and the Proposed Class is comprised of "similarly-situated consumers who received a discharge in bankruptcy . . . who have been subjected to Defendant's practices." (Dkt. 1 ¶¶ 13, 72–76.)  Unlike Interrogatories 10 and 11, Interrogatory 13 matches Plaintiff's allegations in the Complaint, in that it requests Defendant to identify individuals within the Middle

District who filed bankruptcy, named Defendant as a creditor, obtained a bankruptcy discharge, and, thereafter, received communications from Defendant.  (Dkt. 33-1.)

The Motion is therefore denied as to Interrogatories 10 and 11 as these overly broad requests serve little "importance . . . in resolving the issues" and the burden imposed on Defendant in responding to Interrogatories 10 and 11 outweighs any likely benefit of such discovery.  *See* Fed. R. Civ. P. 26(b)(1).  The Motion is granted as to Interrogatory 13, but with the following limitations.  First, the Court limits the time period for which Defendant must respond to Interrogatory 13 to the scope of the Proposed Class, which is within two years of Plaintiff's filing the complaint.  (Dkt. 1 ¶ 13.)  Second, due to potential privacy concerns in identifying individuals responsive to Interrogatory 13 at this early pre-certification stage in the litigation, Defendant shall redact the individuals' names (and any other personal information, such as contact information and personal banking information).

Interrogatory 12 requests Defendant to identify all individuals within the Middle District who filed for bankruptcy, named Defendant as a creditor, obtained a discharge, and were represented by an attorney.  (Dkt. 33-1.)  Interrogatory 12 is relevant to Count I of Plaintiff's complaint, in which Plaintiff alleges that Defendant violated Section 559.72(18) of the FCCPA by communicating with Plaintiff despite Defendant's knowledge that Plaintiff was "represented by an attorney with respect to such debt."  § 559.72(18), Fla. Stat. (2016).  However, Interrogatory 12 is not limited to such individuals who received communications from Defendant despite Defendant's knowledge of them being represented by an attorney.  Thus, like Interrogatories 10 and 11, the Court finds that the burden imposed on Defendant in responding to Interrogatory 12 outweighs any likely benefit of such discovery, *See* Fed. R. Civ. P. 26(b)(1), because the responses

would include individuals who Defendant knew to be represented who did not receive communications from Defendant.  Accordingly, the Motion is denied as to Interrogatory 12.

Interrogatory 15 requests that Defendant calculate the amount it collected from individuals after the individuals received a bankruptcy discharge in the Middle District.  (Dkt. 33-1.) Defendant objected to Interrogatory 15 on the basis that it is overly broad because it does not address individuals who reaffirmed their debt in bankruptcy or continued to voluntarily repay their debt despite a discharge.  (Dkt. 33-3.)  Further, Defendant contends that responding to it would require an analysis that would be unduly burdensome.  (Dkt. 33-3.)

The Court finds that Interrogatory 15 is relevant to Plaintiff's claims for actual damages in the complaint, specifically, Plaintiff's claim for actual damages for Defendant's alleged violations of the FCCPA, § 559.72, Fla. Stat. (2016), and for Plaintiff's claim for "any and all damages" for Defendant's alleged violation of the discharge injunction.  (Dkt. 1 ¶¶ 69, 78.)  However, this request goes beyond discovery relevant to and necessary for class certification and instead goes to damages, which would be more appropriate post-class certification.  *See Valley*, 350 F.3d at 1188, n.15 (explaining that, at the class certification stage, the "trial court should not determine the merits of the plaintiffs' claim" other than "to the degree necessary to determine whether the requirements of Rule 23 will be satisfied.").  Thus, the Motion is denied as to Interrogatory 15.

Interrogatory 16 requests that Defendant identify the *number* of members Defendant contends is in the Proposed Class, which Plaintiff defines as "all individuals within the Middle District of Florida who received any communications, whether written or oral, including but not limited to billing statements, from Defendant attempting to collect a debt after such individual obtained a bankruptcy discharge."  (Dkt. 33-1 ¶ J; Dkt. 1 ¶¶ 13–23.)  Defendant answered that

"there would be zero members of any Proposed Class," contending that the Proposed Class cannot be certified.  (Dkt. 33-3.)

The request, in Interrogatory 16, for Defendant's "conten[tion]" about the number of members of the Proposed Class is not improper because "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."  Fed. R. Civ. P. 33(a)(2).  Further, Interrogatory 16 is similar to Interrogatory 13, which requests that Defendant *identifies* all individuals in the Proposed Class, meaning individuals in the Middle District of Florida that filed bankruptcy, identified Defendant as a creditor, obtained a discharged, and received any communication from Defendant after receiving the discharge.  (Dkt. 33-1.)  Thus, in Interrogatory 13, Plaintiff seeks the *list* of individuals who comprise the *number* sought in Interrogatory 16.  The Court has compelled Defendant to answer Interrogatory 13, except that Defendant's answers shall be limited to the time scope of the Proposed Class and, Defendant shall redact the individuals' names (and other personal information, such as contact and banking information).  Accordingly, the Motion is granted as to Interrogatory 16.

### C.     Production Request 3 and Interrogatory 14

In Production Request 3, Plaintiff requests "all documents, including but not limited to, all changes made over time to all versions of the statements attached to the Complaint as Exhibit B," which are billing statements from Defendant to Plaintiff sent after Plaintiff's bankruptcy discharge that state an amount due from Plaintiff to Defendant.  (Dkts. 33-1, 4-2).  In her complaint, Plaintiff alleges that these billing statements constitute attempts to collect a debt despite Defendant's knowledge that Plaintiff's debt to Defendant was discharged in Plaintiff's bankruptcy, that Plaintiff was represented by counsel with regard to the debt, and that the debt was illegitimate or that Defendant asserted a non-existent legal right.  (Dkt. 1 ¶¶ 39–43, 54, 63–64, 74–76.)  Further,

Plaintiff alleges, in her class allegations, that the Proposed Class "received the same or substantially similar communications from Defendant." (Dkt. 1 ¶ 15.)

In the Motion, Plaintiff argues that the documents sought in Production Request 3 are relevant because the different versions of the billing statements "will demonstrate Defendant's prior compliance or non-compliance with the law" and could show that Defendant "has become more aggressive in its collection efforts regarding discharged debts." (Dkt. 33 at 12.) Defendant objected to Production Request 3 on the basis that it seeks discovery irrelevant to the claims or defenses in the case and protected from discovery by the attorney-client privilege and work product doctrine, but states that it will produce non-privileged, responsive documents, if any such documents exist. (Dkt. 33-2.) Further, Defendant states that it has provided Plaintiff with Plaintiff's loan file for the period following Plaintiff's bankruptcy discharge. (Dkt. 36 at 8.)

The Court agrees with Defendant that Production Request 3 seeks discovery irrelevant to the parties' claims and defenses. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff claims that Defendant's sending Plaintiff billing statements (Dkt. 4-2) after her bankruptcy discharge violated the FCCPA and the discharge order. Production Request 3, however, requests all versions of the billing statements "over time," without regard as to whether those versions were actually sent to Plaintiff or a Proposed Class member. If never sent, there could be no violation of the FCCPA or the discharge order. Also, Plaintiff has not shown how discovery that could demonstrate Defendant's trends in collection, e.g. Defendant becoming "more aggressive," is relevant to any of its claims or Defendant's defenses. Finally, Defendant states that it has produced Plaintiff's loan file, which includes the billing statements sent to Plaintiff post-discharge. Accordingly, the Motion is denied as to Production Request 3.

Interrogatory 14 requests that Defendant identify "the beginning and end dates for the period during which Defendant sent out statements to consumers other than Plaintiff in substantially the same form" as the billing statements referred to as Exhibit B in Plaintiff's complaint. (Dkt. 33-1.) Defendant objected to Interrogatory 14 on the basis that it is overly broad and unduly burdensome because it is not limited in time by the relevant statute of limitations and is not limited to recipients of the billing statements that fall within the parameters of the Proposed Class. (Dkt. 33-3.) Plaintiff argues that this request seeks relevant information because it aids in "determin[ing] the scope of [Defendant's] culpability." (Dkt. 33 at 25.) Although the time period in which Defendant sent the allegedly violative billing statements to consumers may be relevant to Plaintiff's class allegations (although the time period would be limited to the two years preceding Plaintiff's filing the complaint, as that is the time scope of the Proposed Class), the Court finds that this discovery is not important to the resolution of the issues in this case and the burden imposed on Defendant will outweigh any benefit from such discovery. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Motion is denied as to Interrogatory 14.

### D.    Production Request 19 and Interrogatory 21

Interrogatory 21 requests that Defendant identify any litigation or complaints made by a debtor, or on a debtor's behalf, relating to Defendant's collection of a debt after a debtor's bankruptcy discharge. (Dkt. 33-1.) Production Request 19 requests Defendant to produce "all documents" on the same subject as Interrogatory 21, i.e., all documents related to litigation or complaints made by debtors, or on a debtor's behalf, relating to Defendant's collection of a debt after a debtor's bankruptcy discharge. (Dkt. 33-1.) In response to Interrogatory 21, Defendant objected on the basis that it sought discovery irrelevant to the claims and defenses in the case and that it was overly broad as it is "not limited in time or scope." (Dkt. 33-3.) Similarly, Defendant

objected to Production Request 19 on the grounds that the request seeks irrelevant discovery and discovery protected by the attorney-client privilege.  (Dkt. 33-2.)  Also, Defendant states that it has already answered these discovery requests in its Notice of Pendency of Other Actions.  (Dkts. 32, 36 at 9.)  However, Defendant's Notice of Pendency of Other Actions includes only cases pending before a court or administrative agency, *See* M.D. Fla. Local R. 1.04(d), and thus would not include other types of complaints from debtors, such as situations in which the debtor did not file a complaint or petition with a governmental body or cases that are no longer pending before a court or administrative agency.

Plaintiff contends that the discovery sought by these requests are relevant to (1) establishing Defendant's knowledge about complaints stemming from its attempts to collect a discharged debt, (2) determining the size of Plaintiff's Proposed Class, and (3) determining whether members of the Proposed Class have already "taken formal action against Defendant" for Defendant's alleged conduct.  (Dkt. 33 at 16.)  The Court finds that these discovery requests seek discovery relevant to identifying members of the Proposed Class.  The Court, however, rejects Plaintiff's argument that the requests seek discovery relevant to establishing Defendant's knowledge (Dkt. 33 at 16), because the Defendant's knowledge that is relevant to Plaintiff's allegations is Defendant's knowledge—*prior* to attempting to collect a debt—of (1) the discharge of such debt in bankruptcy, (2) the illegitimacy of such debt or the non-existence of the legal right asserted, and (3) Plaintiff and Proposed Class members being represented by an attorney.  (Dkt. 1 ¶¶ 37–39, 56, 64, 72–76.)  Thus, Defendant's knowledge of a debtor's complaints about the alleged conduct *after* it occurred is not relevant to Plaintiff's claims.

Although relevant to class allegations, Production Request 19 is overly broad in two respects.  First, it is unlimited in its time scope.  Second, as Defendant contends (Dkt. 36 at 9), its

request for "all documents" is not tailored to determining class members.  Instead, the request seeks "all documents," which could include, without limitation, communications with debtors or debtors' counsel and Defendant's internal documents regarding complaints received from debtors, which would identify class members, but would include a broad swath of information irrelevant to Plaintiff's claims that Defendant attempted to collect a debt from Proposed Class members in violation of the FCCPA and bankruptcy discharge orders.  Interrogatory 21, on the other hand, will provide Plaintiff with Defendant's identification of potential class members.  It must, however, be limited to the time scope of the Proposed Class, which is within two years of Plaintiff's filing the complaint.  For these reasons, the Motion is denied as to Production Request 19 and granted as to Interrogatory 21.

Accordingly it is

**ORDERED**:

1. The Motion to Compel Discovery (Dkt. 33) is **GRANTED** in part as to Production Requests 2, 7, 8, and 9, and Interrogatories 4, 5, 6, 7, 8, 9, 13, 16, and 21, and **DENIED** in part as to Production Requests 3 and 19, and Interrogatories 10, 11, 12, 14, and 15.

2. Within ten (10) days of entry of this order, Defendant is directed to serve discovery responsive to Production Requests 2, 7, 8, and 9, and Interrogatories 4, 5, 6, 7, 8, 9, 13, 16, and 21, and, to the extent applicable, Defendant shall serve a privilege log identifying any discovery it withholds on the basis of a privilege.

**DONE** and **ORDERED** in Tampa, Florida on November 23, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record